PLATTE COUNTY SCHOOL DISTRICT NO. 1, Platte County School District No. 2, and Platte County Parks and Recreation District, Appellants (Applicants),

Doyle Hutchinson as County Assessor of Platte County, Wyoming; and Betty M. Dunham as County Treasurer of Platte County, Wyoming, (Defendants),

v.

BASIN ELECTRIC POWER COOPERATIVE, a Corporation, in its own behalf and as project manager in behalf of Tri-State Generation and Transmission Association, Inc., Appellee (Plaintiff).

No. 5487.

Supreme Court of Wyoming.

Jan. 13, 1982.

Raymond B. Hunkins, Jones, Jones, Vines & Hunkins, Wheatland, for appellants.

Rodger McDaniel, Roncalio, Salazar & McDaniel, Cheyenne, and Donald N. Sherard, Wheatland, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

This is an appeal from an order denying appellants'[1] application for intervention of right brought pursuant to Rule 24(a), W.R. C.P.[2] The only issue for our review concerns the propriety of the trial court's refusal to allow intervention.

We will affirm.

## FACTS

The appellants attempted to intervene in a suit brought by Basin Electric in which they, the appellant districts, sought to permanently enjoin the levy and collection of a tax assessment. The events leading up to this suit must be set out in order to gain an understanding of appellants' position.

1. When we refer to "appellants" in this opinion, we are speaking of the school districts and the Platte County Parks and Recreation District.

2. Rule 24(a), W.R.C.P., provides:

   "(a) Intervention of right.—Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

   Although the rule also contains provisions governing permissive intervention, we are not concerned with that aspect of Rule 24 in this case.

From 1967 until 1979, the State Board of Equalization assessed all power plants under construction at 25% of installed cost. In formulating its school budget for 1979, appellants relied upon the revenues to be derived from Basin's property assessed under the 25% rule.

On June 1, 1979, the State Board of Equalization, without notice to the school districts or the Recreation District, reduced the multiplier used to assess utility property under construction from 25% to 15%. Appellants successfully attacked this reduction as having been adopted in violation of the procedural requirements of the Wyoming Administrative Procedure Act.

That same year, and after the 15% rule had been declared invalid, the State Board of Equalization reassessed Basin's property under the old 25% method, but Basin, in the interim, had already paid the taxes due under the 15% multiplier. At the same time the notice of the increased valuation was mailed, the Board of Equalization certified that valuation to the County Assessor of Platte County. Sometime later the assessment was entered in the tax rolls of Platte County and tax notices were sent to appellees.

On July 28, 1980, Basin filed the currently pending action in district court seeking to enjoin the State Board of Equalization and its members from imposing the increased reassessment and the Platte County Assessor and County Treasurer from collecting taxes under the increased 1979 25% assessment. The State Board of Equalization was dismissed from this action, and, on August 20, 1980, the district court entered a temporary injunction which prohibited the collection of the 1979 assessment until further order of the court. On August 28,

1980, appellants first sought application for a motion to intervene. This motion for intervention of right was denied on February 4, 1981.

### DID APPELLANTS SATISFY THE REQUIREMENTS OF RULE 24(a), W.R.C.P.?

■ Appellants sought intervention in the present litigation by authority of Rule 24(a), W.R.C.P. In order to come within the provisions of that rule, three conditions must be present—namely: (1) appellants must have an interest in the subject of the action; (2) appellants must be able to show that they are so situated that a failure to allow intervention will impair or impede their ability to protect that interest; and (3) it must be apparent that appellants' interest is not adequately represented by existing parties. Rule 24(a), W.R.C.P.; *Rawlins v. Stanley*, 207 Kan. 564, 486 P.2d 840 (1971). A fourth requirement which has also been recognized by the courts is that of timeliness. In other words, the application for intervention must be made at a time when it is practical to allow another party to enter the dispute. *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Llewellyn v. Beasley*, Ind.App., 415 N.E.2d 789 (1981).

■ It has been suggested that an issue involving intervention of right under Rule 24(a) is a question of law. 7A *Wright & Miller*, Federal Practice and Procedure, § 1902, p. 466 (1972). It cannot be denied, however, that the resolution of a right-to-intervene problem also involves a question of fact. Therefore, a Rule 24(a)(2) claim should be viewed as one involving a question of law *and* fact. *Llewellyn v. Beasley*, supra, 415 N.E.2d at 792. From this it follows that under Rule 24(a) there is an element of discretion which attaches to a trial judge's decision to refuse or allow intervention.

It is appropriate here to consider the factors outlined above in order to ascertain the propriety of the trial judge's denial of appellants' motion to intervene.

### Timeliness

■ We address the question of the timeliness of the petition first because the appellee raises it, and also because such a question is of a threshold nature. We say this because although a petitioner may satisfy the other requirements of Rule 24(a) the right to intervene can be denied if the petition was not timely. Although the facts reflect that appellants did not seek intervention in the present action until the district court had issued a temporary injunction, we believe that the application for intervention was timely. The temporary order was issued so that no action would be taken by the county officials before the correct 1979 assessment for appellee's property could be determined. The litigation still involved substantial questions concerning the denial or granting of a permanent injunction at the time appellants sought to intervene.

Clearly the question of timeliness is a flexible one, and it must, of necessity, be left within the discretion of the trial judge. 7A *Wright & Miller*, supra, § 1916 at p. 572; *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970). Considering the stage of the proceedings at which appellants sought to intervene, we hold that the trial judge did not abuse his discretion in permitting appellants' motion to be heard.

### Interest in Subject Matter

Appellants claim an interest in the present litigation on the ground that they have relied upon the 25% multiplier in budgeting, and, as a result of the reduction, the school districts will suffer the loss of some $650,000.00 in revenue should the county officials be enjoined from collecting the 25% assessment of appellee's property.[3] They also urge that §§ 39–4–101 and 21–13–207, W.S.1977,[4] guaranteed to them a

---

**3.** The Parks and Recreation District claimed a projected loss of revenue of some $36,000.00.

**4.** Section 39–4–101(a), W.S.1977 provides:

"(a) The county treasurer shall keep accurate records of taxes collected for each governmental entity for which a tax levy is made pursuant to W.S. 39–2–401 and shall pay the

right to the 1979 assessment under the 25% rule.

■ The authorities and case law which have dealt with the problem of the "interest" requirement under Rule 24(a) point out that the term has thus far avoided concise definition. Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 Harv.L.Rev. 721 (1968). However, a number of courts have grappled with the question, and many have come to utilize the "significantly protectable interest" test enunciated by the *United States Supreme Court in Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). While we may agree that Rule 24(a) lends itself to liberal construction, it is also true that one seeking intervention must present a significant protectable interest in the suit, rather than one that is contingent. *O'Hara Group Denver, Ltd. v. Marcor Housing Systems Inc.*, Colo., 595 P.2d 679 (1979); *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341 (1974), aff'd without opinion 515 F.2d 505 (2nd Cir. 1975). Appellants were, therefore, obliged to demonstrate that they had a significant interest in the present litigation and not one that was merely contingent or similar to the interest of any member of the public at large.

■ As noted previously, appellants sought to establish an interest under the language of §§ 39–4–101 and 21–13–207, supra.[5] It is argued that these statutory provisions formed the basis for establishing a significant interest in the present dispute, but we are forced to reject such assertions. To be sure, the provisions of the above statutes grant appellants an interest in tax revenues, but they limit these interests to

tax revenues which have been collected by the county treasurer. In this context, appellants have overlooked the fact that the present litigation involves a dispute over proper assessments, and not a dispute over the nondisbursement or improper disbursement of collected revenues.

Under the statutory scheme for the taxation of electrical utility property, questions of assessment involve only the State Board of Equalization, the taxpayer, and the county assessor. See § 39–2–201, W.S.1977. Under such a scheme, taxes due cannot be collected until all assessment disputes are determined. *Hecht v. Boughton*, 2 Wyo. 385 (1881). The statutes relied upon by appellants give them rights in revenues that have in fact been collected but cannot be made the basis for claiming an interest in litigation involving an assessment dispute. Certainly, the school districts have demonstrated an important financial concern in the outcome of the litigation, because the loss of $650,000.00 in revenue would cause them substantial hardship, as would the loss claimed by the Recreation District. However, such interest in the outcome of the taxing process is not such an interest as will satisfy Rule 24(a). As noted by the Alabama Appellate Court in a similar case:

" * * * we have decided that their 'interest' in the litigation between the State and Colonial amounts to no more than 'concern' for the outcome, as any other recipient of tax benefits would exhibit. For example, any parent with a child in the county or city schools would be concerned, and any other citizen of the county would be concerned about the availa-

taxes collected to the treasurer of each governmental unit or settle accounts with the county commissioners as hereafter provided:"
Section 21–13–207, W.S.1977 read prior to the 1981 Amendment:
"On the second Monday of December and the second Monday in June of each year, and on the second Monday of any month when requested by the treasurer of a school district, the county treasurer shall apportion the general county school tax and all monies in the

county treasury belonging to the county school fund, including fines and forfeitures among the various school districts of the county in proportion to the number of teachers and drivers in each school district as determined by the certificate of each district clerk filed with the county treasurer according to law and shall immediately pay such amount to each school district, taking receipt therefor."

5. See fn. 4, supra, for language.

bility of tax money for the various services supplied by these governmental agencies." *State v. Colonial Refrigerated Transportation, Inc.*, 48 Ala.App. 46, 261 So.2d 767, 771 (1971).

We cannot conclude that the legislature, when adopting the taxation statutes, contemplated that tax beneficiaries would be permitted to participate in assessment disputes. Such involvement was clearly not intended.

In light of the above, we hold that the trial court was correct in denying appellants' motion to intervene for the reason that they were and are unable to show a significant interest in the present litigation. It is unnecessary to address the other two requirements of Rule 24 concerning impairment and adequate representation, since the showing of an interest is a threshold which must be crossed before these other requirements become ripe for consideration.

Affirmed.