**JAMES S. JACKSON COMPANY, INC., Appellant,**

v.

**HORSESHOE CREEK LIMITED, Appellee (Plaintiff),**

and

**James A. Ludvik, Appellee (Defendant).**

No. 5677.

Supreme Court of Wyoming.

Sept. 2, 1982.

Eric M. Alden of Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

Thomas E. Campbell of Hanes, Gage & Burke, P. C., Cheyenne, for appellee Horseshoe Creek Ltd.

Frank J. Jones, Wheatland, for appellee Ludvik.

Before ROSE, C. J., RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

James S. Jackson Company, Inc. (hereinafter referred to as "Jackson") sought to intervene as of right pursuant to Rule 24(a)(2), W.R.C.P.,[1] in an action filed by

---

1. Rule 24(a), W.R.C.P., reads in pertinent part:
   "(a) *Intervention of right*—Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the application claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter

Horseshoe Creek Limited (hereinafter referred to as "Horseshoe") against James A. Ludvik (hereinafter referred to as "Ludvik"). The purpose of the action was to rescind an assignment of a contract for deed made by Horseshoe to Ludvik. In its motion to intervene Jackson asserted that it was a judgment creditor of Horseshoe and that Horseshoe had promised to assign it a security interest in the contract for deed. After a hearing, the district court denied Jackson's motion to intervene as of right.

On appeal the parties raise the following issues:

1. Is the denial of a motion to intervene as of right an appealable final order? Jackson contends that it was.

2. Are the issues raised by this appeal rendered moot by the dismissal without prejudice of the underlying action subsequent to the denial of Jackson's motion to intervene? Jackson contends that they were not.

3. Is Jackson entitled to intervention as of right pursuant to Rule 24(a)(2), W.R. C.P.? Jackson contends that it is so entitled.

4. Was the error, if any, harmless error and not prejudicial to Jackson? Jackson contends that it was not harmless and was prejudicial.

Because we find that Jackson is not entitled to intervention as of right, we affirm.

## FACTS

On November 9, 1976, Horseshoe entered into a contract to purchase a large parcel of land located in Platte County from James F. K. Centlivre. Subsequently two assignments of this contract for deed were made. One assignment was made by Horseshoe to Ludvik and the other was made to Jackson by the United States Marshal for the Northern District of Indiana pursuant to an order of the United States District Court for the Northern District of Indiana.

The question of the priority between these assignments was before us in an earlier case. *Ludvik v. James S. Jackson Co., Inc.*, Wyo., 635 P.2d 1135 (1981). The majority of the court there held "that Ludvik's interest should be recognized as superior to that of Jackson. It further is free from any claim of lien by Jackson." Id. at 1144.

In the present action, Horseshoe alleged that Ludvik had failed to meet his obligations under the assignment of the contract for deed. Specifically, Horseshoe alleged that Ludvik failed to make payments due Centlivre under the contract for deed, failed to assume an indebtedness owed by Meyers in the amount of $121,000 and make payments thereon, failed to execute a promissory note for $25,000 to Horseshoe and secure it with a mortgage on the property, and failed to pay any of the $25,000 owed Horseshoe. Horseshoe requested the district court to rescind the assignment between Horseshoe and Ludvik and award it the monetary benefits derived from the property by Ludvik.

In his answer, Ludvik denied that he had failed to meet his obligations under the assignment. He asserted that he had acquired Centlivre's interest in the contract for deed and therefore was not required to make any payments, that Horseshoe lacked standing and authority to require payment of any indebtedness due Meyers, and that Horseshoe has failed to present Ludvik with a warranty deed as required thereby relieving Ludvik of his obligation to execute the promissory note.

Ludvik asserted three affirmative defenses and a counterclaim. The affirmative defenses were: (1) that although Horseshoe was to convey the property free of all liens except those expressly assumed by Ludvik, there are still liens on the property (one for taxes and a potential one based on Jackson's claim); (2) that the failure of Horseshoe to notify Ludvik of its intention to rescind and its failure to recognize Ludvik's rights under the assignment constituted a

impair or impede his ability to protect that interest, unless the applicant's interest is ade-

quately represented by existing parties."

waiver or estoppel of the right to rescind; and (3) laches. The counterclaim (1) sought to quiet title to the property as against Horseshoe; (2) prayed for an order compelling Horseshoe to convey the property to Ludvik subject only to a mortgage in favor of Meyers; and (3) requested damages for breach of the contract of assignment by Horseshoe.

Horseshoe filed its answer to Ludvik's counterclaim on December 4, 1981; and on December 7, 1981, Jackson filed its motion to intervene as of right, indicating that it would make the following claims for relief in its complaint:

1. Reassertion of Horseshoe's claim that Ludvik is in default on the assignment between Horseshoe and Ludvik;

2. Enforcement of its Indiana judgment against Horseshoe;

3. Invalidity of the assignment of the contract for deed between Horseshoe and Ludvik under the Uniform Fraudulent Conveyence Act;

4. Interference by Ludvik with Jackson's contract rights in that Ludvik's actions were taken with knowledge of Horseshoe's agreement to assign the contract for deed to Jackson as security; and

5. Perpetration of a fraud by Horseshoe and Ludvik against Jackson.

In denying Jackson's motion to intervene as of right, the district court stated in its decision letter:

"The Motion to Intervene, with the proposed Complaint attached, of James S. Jackson Company, Inc., should be and the same is hereby denied. It appears to the Court that James S. Jackson Company, Inc., is a creditor of Horseshoe Creek Limited, Plaintiff in this action, but this alone is not sufficient grounds to permit it to intervene. The issues raised in the proposed Complaint of James S. Jackson Company, Inc., were actually litigated and determined in the first proceeding

which was finally determined by the Supreme Court of the State of Wyoming, and the prayer of the proposed Complaint is substantially the same as in the case of *James S. Jackson Company v. James Ludvik,* the Defendant, which has been decided by the Wyoming Supreme Court. As far as James S. Jackson Company, Inc., is concerned, if it were permitted to intervene it would constitute a repetition of the suit involving the same cause of action, and the doctrine of res judicata applies.

"The Court recognizes that the Judgment in the prior action operates as an estoppel not as to matters which might have been liquidated [sic] and determined but only as to those matters in issue or points controverted; but in this instance, it is the Court's opinion that the matters raised in the proposed Complaint attached to the Motion to Intervene were actually litigated and determined in the first proceeding and cannot now be re-litigated."

### FINAL ORDER

Horseshoe argues that the denial of Jackson's motion to intervene as of right is not a final order as defined by Rule 1.05, W.R. A.P.,[2] and, therefore, it is not appealable. In support thereof, Horseshoe relies on an early Wyoming case, *Greenawalt v. Natrona Improvement Co.,* 16 Wyo. 226, 92 P. 1008 (1907), and cases from three other states.

In *Greenawalt,* supra, the supreme court did state that an order sustaining a petition for intervention was not a final order. However, the cases relied upon in support of that conclusion deal with situations wherein the court sustained demurrers to petitions. See: *Menardi v. Omalley,* 3 Wyo. 327, 23 P. 68 (1890); and *Turner v. Hamilton,* 10 Wyo. 177, 67 P. 1117 (1902). The effect of sustaining a demurrer in these cases was to place the petitioners where they were prior to the filing of their petitions.

**2.** Rule 1.05, W.R.A.P., provides in pertinent part:

"A final order is: (1) an order affecting a substantial right in an action, when such or-

der in effect determines the action and prevents a judgment; * * * "

■ It is well settled in the federal courts that the denial of a motion to intervene as of right is an appealable order. 7A Wright & Miller, Federal Practice and Procedure: Civil § 1923, p. 628, and 3B Moore's Federal Practice ¶ 24.15, p. 24–561. And we have entertained appeals from the denial of a motion to intervene as of right, *Platte County School District No. 1 v. Basin Electric Power Cooperative*, Wyo., 638 P.2d 1276 (1982), and from the denial of a motion to vacate the dismissal of a petition for intervention. *Spriggs v. Goodrich*, 74 Wyo. 185, 285 P.2d 1103 (1955). If, as stated in Rule 24(a)(2), W.R.C.P., supra, a party is entitled to intervention if he "is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest," an order denying intervention to such a party as of right would always result in determining that action and preventing a judgment in it relative to the person seeking intervention, thus placing such within the definition of a final order (Rule 1.05, W.R.A.P., supra, fn. 2).

Inasmuch as this appeal is from a final order, we cannot dismiss the appeal as untimely from the standpoint of being premature.

■ A motion to intervene must also be timely in that it cannot be dilatory:

"The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case. * * * " 7A Wright & Miller, Federal Practice and Procedure: Civil § 1916, pp. 575–576.

Jackson's motion was here filed on December 7, 1981, only three days after Horseshoe had filed its answer to Ludvik's counterclaim, thus joining the issues for trial. There was no delay in the effort at intervention in the early stages of the case. Neither Ludvik nor Horseshoe were prejudiced by the timeliness of the filing.

## MOOT

Jackson's motion to intervene as of right was denied on February 10, 1982, and it filed its notice of appeal on February 25, 1982. Then, upon oral stipulation between Horseshoe and Ludvik, Horseshoe's complaint and Ludvik's counterclaim were dismissed without prejudice. It is contended that the dismissal made moot the question as to the propriety of Jackson's right to intervene. The rationale of *Baldridge v. Reid*, 88 S.D. 374, 220 N.W.2d 532 (1974), is applicable. There, a motion for intervention as of right was pending when the plaintiff and defendant entered into a stipulation and agreement which permitted the dismissal of the action with prejudice. Such was held to be improper inasmuch as the intervenor in effect became a party to the action upon the filing of the petition for intervention, subject to the loss of such status should the petition be finally denied.

■ In this case, the denial of Jackson's motion to intervene as of right was in the process of being appealed when the stipulation for dismissal without prejudice was entered into by Ludvik and Horseshoe. At that time, Jackson's status as a party was not finally determined. It remained a party pending the outcome of the appeal. Should this appeal be successful, making the intervention effective, the dismissal stipulation would not be by all of the parties of right as of the time of the stipulation. Rule 41(a), W.R.C.P., provides in pertinent part:

"* * * An action may be dismissed by the plaintiff without order of court * * * (ii) by filing a stipulation of dismissal signed by *all* parties who have appeared in the action. * * * " (Emphasis added.)

Horseshoe and Ludvik could not voluntarily dismiss the action without Jackson's consent.

## INTERVENTION

Accordingly, we can address the substantive issue of whether or not Jackson is entitled to intervene as of right in Horseshoe's action against Ludvik pursuant to Rule 24(a)(2), W.R.C.P., supra.

We recently set out the conditions necessary to bring an application for intervention within the provisions of this rule.

"Appellants sought intervention in the present litigation by authority of Rule 24(a), W.R.C.P. In order to come within the provisions of that rule, three conditions must be present—namely: (1) appellants must have an interest in the subject of the action; (2) appellants must be able to show that they are so situated that a failure to allow intervention will impair or impede their ability to protect that interest; and (3) it must be apparent that appellants' interest is not adequately represented by existing parties. Rule 24(a), W.R.C.P.; *Rawlins v. Stanley*, 207 Kan. 564, 486 P.2d 840 (1971). A fourth requirement which has also been recognized by the courts is that of timeliness. In other words, the application for intervention must be made at a time when it is practical to allow another party to enter the dispute.[3] *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Llewellyn v. Beasley*, Ind.App., 415 N.E.2d 789 (1981)." *Platte County School District No. 1 v. Basin Electric Power Cooperative*, supra, 638 P.2d at 1278.

■ Whether or not the first and third conditions for intervention are here present, the second condition is not. Jackson is not able to show that it is so situated that a failure to allow intervention will impair or impede its ability to protect an interest in the subject matter.

Of course, a consideration of this condition makes necessary an identification of the "interest in the subject matter," if any, which Jackson may need to protect. This identification involves a determination of the first condition for intervention, i.e. does Jackson have an interest in the subject of this action. We find that the contract for deed between Horseshoe and Centlivre is the subject of the suit and that Jackson has a "significantly protectable interest" therein.

In *Platte County School District No. 1*, supra, 638 P.2d at 1279, we said that the party seeking to intervene as of right pursuant to Rule 24(a)(2) must have a "signifi-

cantly protectable interest" in the subject matter of the litigation. The interest must not be "merely contingent or similar to the interest of any member of the public at large."

Horseshoe contends that the ownership of the contract for deed entered into between Horseshoe as buyer and Centlivre as seller is the subject of the suit. Ludvik contends that only the assignment of the contract for deed by Horseshoe to Ludvik is the subject of the suit and not the underlying contract for deed.

The contract for deed and the subsequent assignment of it by Horseshoe to Ludvik are intimately related. The action of Horseshoe against Ludvik on the assignment will affect the ownership of the contract for deed. Therefore, we cannot say that the contract for deed is not the subject matter of the litigation.

In *Ludvik v. James S. Jackson Co., Inc.*, supra, we recognized Jackson's interest in the contract for deed although such interest was subordinate to Ludvik's interest in it. Accordingly, Jackson has a significant interest in the subject of the action. The interest is not contingent or similar to the interest of a member of the public. The subject of the action concerns the rights and liabilities flowing from the contract for deed.

The second condition for intervention as recited in Rule 24(a)(2), W.R.C.P., supra, is that the party seeking to intervene as of right must show: "that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." In support of its contention that its ability to protect its interest may be impaired, Jackson argues that it may be bound in future litigation by the doctrine of res judicata, that it may not be able to get personal jurisdiction in Wyoming over Horseshoe and Ludvik in a separate action and that the availability of the doctrine of lis pendens will be lost to it unless intervention in the present action is allowed. In arguing the contrary, Horseshoe and Lud-

---

**3.** We have already discussed the timeliness re-   quirement and found it to have been met.

vik contend that Jackson's position with reference to the interests would not be affected regardless of the outcome of this action. They also contend that the issues raised by Jackson's proposed complaint on intervention are barred by the decision in *Ludvik v. James S. Jackson Co., Inc.*, supra, either as compulsory counterclaims not raised in the earlier action as required by Rule 13, W.R.C.P.,[4] or by the doctrine of res judicata.

■ The impediment or impairment of the ability to protect one's interest which would warrant intervention must be a practical one, but it need not be a legal one. The application of the doctrine of stare decisis or res judicata is a practical disadvantage. 7A Wright & Miller, Federal Practice and Procedure: Civil § 1908, p. 515; *Corby Recreation, Inc. v. General Electric Company*, 581 F.2d 175, 177 (8th Cir. 1978); *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977); *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C.Cir.1967); *Atlantis Development Corporation v. United States*, 379 F.2d 818, 828–829 (5th Cir. 1967).

Jackson's claim in the contract for deed is based on its position as a judgment creditor of Horseshoe. Jackson will not be disadvantaged in such position regardless of the outcome of this case.

If Ludvik prevails in the present action, Jackson would not be disadvantaged. As noted above, the priorities of Ludvik and Jackson in the contract for deed have already been determined. Ludvik's interest has been held to be superior to Jackson's interest and is not subject to any lien by Jackson. *Ludvik v. James S. Jackson Co., Inc.*, supra, 635 P.2d at 1143. Therefore, a determination of the action in Ludvik's favor would not affect Jackson's interest in the contract for deed.

If Horseshoe prevails in the present action, and its claim for rescission of its assignment of the contract for deed to Ludvik be allowed, Jackson would still have its claim as a judgment creditor of Horseshoe. As a practical matter, not only would the claim not be impaired, but its position would be bettered and be more secure.

■ Jackson contends that its interest may be impaired if it cannot effect personal service in Wyoming or if it cannot obtain the benefit of the lis pendens statute because it cannot bring suit in Wyoming. The problem seems more imagined than real, but in any event, the purpose of intervention as of right is to protect the intervenor's interest in the subject matter of the action, and not to provide a means for the proposed intervenor to assert personal jurisdiction not otherwise available to him. The problem of bringing an action in a foreign jurisdiction may be a sufficient impediment in a rare situation. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124–1125 (5th Cir. 1970), *cert. denied sub nom. Trefina, A.G. v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), *reh. denied* 400 U.S. 1025, 91 S.Ct. 580, 27 L.Ed.2d 638 (1971). In that case, absent the right to intervene, the United States would have been required to bring its lien action in the Swiss courts. There is no such requirement in this case. Jackson's assertion that it may not be able to get personal jurisdiction over Horseshoe and Ludvik in Wyoming does not have a foundation in fact.

We see no practical impediment or impairment to Jackson in its ability to protect its interest in the subject matter of this action absent intervention.

Inasmuch as we find no error, we need not concern ourselves with arguments relative to the harmless nature of any error. Nor need we address the contention that Jackson's position in this case was subject to the application of the doctrine of res judicata by virtue of *Ludvik v. James S. Jackson Co.*, supra, even though the trial court's decision in this case was predicated thereon. We may affirm the determination

4. Rule 13(a), W.R.C.P., provides in pertinent part:

" * * * A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * * "

of the trial court if correct on any theory. *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925, 935 (1981); *White v. Wheatland Irrigation District*, Wyo., 413 P.2d 252, 257 (1966).

Affirmed.