■ RAYMOND KACZMAREK et al., Respondents, v EDGAR SHOFFSTALL, Respondent. STATE FARM INSURANCE COMPANY, Proposed Intervenor-Appellant.—Order unanimously affirmed, with costs. Memorandum: Special Term properly denied the motion of State Farm Insurance Company (defendant's insurer) to intervene in this action for personal injuries.

The action arose after defendant allegedly poured boiling water on plaintiff's back. Plaintiff sued for personal injuries, alleging separate causes of action for negligence and intentional tort. State Farm disclaimed coverage for liability on the cause of action for intentional tort, but, consistent with the terms of the homeowner's insurance contract with defendant, has provided him with counsel.

State Farm moved to intervene as a party defendant pursuant to CPLR 1012 (intervention as of right) on the grounds that its interests will not be adequately represented on the trial of the main action and it will either be bound by the judgment or adversely affected by a judgment in the action. The order of Special Term denying the motion as a matter of discretion indicated the motion was made under both CPLR 1012 and 1013 (intervention by permission).

The gravamen of State Farm's argument is that because counsel retained for defendant are obligated to protect defendant's interests first, they will not advance a strong defense to plaintiff's negligence claim. Obviously, it would be in defendant's best interests to be liable to the plaintiff on the claim for which coverage under the insurance contract is assured.

State Farm contends that unless it is entitled to intervene, plaintiff will not urge the cause of action for intentional tort, for which the insurer would have no obligation to indemnify its insured and neither party would request that the court submit special questions to the jury (i.e., negligence or intentional tort).

State Farm is not entitled to intervene as a matter of right. A party is entitled to intervene in an action as of right "when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2]). Although State Farm's interest may not be adequately represented by the parties because of a possible conflict of interest, it is equally clear that State Farm will not be bound by any judgment in the underlying personal injury action.

"[W]hether [a] movant will be bound by the judgment within the meaning of that subdivision [CPLR 1012 (a) (2)] is determined by its *res judicata* effect" *(Vantage Petroleum v Board of Assessment Review,* 61 NY2d 695, 698). Here, since State Farm is not a party, nor is it in privity with any party in the underlying action, it will not be bound by principles of res judicata by any judgment rendered in the action *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

Nor will State Farm be collaterally estopped from litigating the issue of indemnification in a subsequent action in the event of a judgment for plaintiff in the personal injury action. Clearly, State Farm would not have been given a "full and fair opportunity to contest the decision said to be dispositive" *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *see, Gilberg v Barbieri,* 53 NY2d 285, 291).

Special Term's denial of State Farm's application for permissive intervention was not an abuse of discretion. The only interest that State Farm has in the lawsuit is whether a potential loss incurred by its insured is covered by the policy of insurance and the amount of the loss. These interests are unrelated to the subject matter of the action and can in no way be characterized as claims or defenses to the action (CPLR 1013, 1014).

State Farm is not prejudiced by the court's denial of intervenor status. Since it will not be bound by a verdict in the case, it would be entitled, in the event of an adverse result, to litigate the coverage issue by bringing, or choosing to defend, a declaratory judgment action *(see, Cosmopolitan Mut. Ins. Co. v Trapier,* 15 NY2d 503, 504). We further observe that in addition to the remedy provided by a declaratory judgment action, in the event plaintiff were successful in the main action in a way detrimental to the interests of State Farm, the latter could simply rely upon its disclaimer and await an action against it under the contract of insurance *(see,* Insurance Law § 3420 [b]). (Appeal from amended order of Supreme

Court, Erie County, Marshall, J.—intervention.) Present—Dillon, P. J., Callahan, Doerr, Pine and Schnepp, JJ.