STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant (Applicant),

v.

Alice Ione Halstead COLLEY, as personal representative of Jody Glenn Dodgion, deceased, and as administratrix of the Estate of Jody Glenn Dodgion, deceased, and on behalf of Alice Ione Halstead, as guardian and guardian ad litem for Jordan Jody Halstead; and on behalf of Judy Butler, Glenn Dodgion, Bryan Lee Butler, Amanda Colleen Butler, and Kayla Dawn Butler, Appellee (Plaintiff).

No. 93–153.

Supreme Court of Wyoming.

March 24, 1994.

Frederick J. Harrison, Rawlins, for appellant.

Robert N. Williams, Meyer and Williams, Jackson, for appellee.

Before MACY, C.J., THOMAS, CARDINE and TAYLOR, JJ. and BROWN, J. (Retired).

TAYLOR, Justice.

An insurer claiming an interest in a wrongful death cause of action appeals the district court's denial of a motion to intervene. The insurer maintains that a judgment by default entered as a discovery sanction against an allegedly culpably negligent party prejudiced the insurer's ability to protect its interest. The district court ruled that the insurer's motion was not timely.

We affirm.

## I. ISSUES

Appellant, State Farm Mutual Automobile Insurance Company, identifies the following issues:

I.  Whether Appellant State Farm Mutual Automobile Insurance Company had a right to intervene pursuant to Wyo.R.Civ.P. 24(a).

II.  Whether the motion to intervene was timely made.

III.  Whether State Farm has a significantly protectable interest in the subject matter of this litigation.

IV.  Whether State Farm's ability to protect its interest is impaired by its not being allowed to intervene.

V.  Whether Defendant Teddy Ray Dyer can adequately represent State.Farm's interest.

## II. FACTS

Jody Glenn Dodgion (Dodgion) died after suffering head injuries while riding in a truck owned by Steven D. Boyd (Boyd). Boyd apparently permitted the truck to be used to haul materials and employees of his business, Rock Springs Roofing Company. On September 24, 1985, Teddy Ray Dyer (Dyer), an employee of Rock Springs Roofing Company, drove the truck to the landfill operated by the City of Green River, Wyoming. Dyer and his passenger Dodgion, also an employee of Rock Springs Roofing Company, were leaving the landfill when the truck collided with a cable which was secured by a heavy steel chain. The barrier had been extended across the road by employees of the City of the Green River to prevent use of the landfill. The obstruction snapped from the impact and a length of chain penetrated the rear window of the truck striking Dodgion.

On September 23, 1987, Alice Ione Halstead Colley, the personal representative of Dodgion's estate and guardian of Dodgion's son, and other claimants (collectively Colley) filed a wrongful death action in the Third Judicial District in and for Sweetwater County, Wyoming (hereinafter state district court). *See Butler v. Halstead By and Through Colley*, 770 P.2d 698 (Wyo.1989) (holding mother and siblings could join in wrongful death cause of action brought by surviving child). Colley sought damages from the City of Green River and Dyer. Colley alleged that the City of Green River had been negligent in failing to provide a safe means of closing the road from the landfill. Colley also alleged Dyer was culpably negligent in the manner in which he operated Boyd's truck. Boyd was not a named party to the wrongful death action. *See State ex rel. Wyoming Workers' Com-*

*pensation Div. v. Halstead,* 795 P.2d 760 (Wyo.1990).

Colley failed to complete personal service of process on Dyer because he had apparently left Wyoming. *See* Wyo.Stat. § 1-6-301 (1988) (appointing Secretary of State as agent to receive service of process for nonresident motorists). Boyd's insurer, State Farm Mutual Automobile Insurance Company (State Farm), was notified of the action against the driver of the truck. State Farm retained counsel to act on behalf of Dyer and to respond to the wrongful death action.

Despite retaining counsel for Dyer, State Farm maintained that under its policy of insurance with Boyd, it had no obligation to tender a defense or to indemnify Dyer for any judgment. State Farm filed a declaratory judgment action in the United States District Court for the District of Wyoming (hereinafter federal district court) claiming that language of the policy did not provide coverage for business use of Boyd's truck. The federal district court agreed that State Farm had no obligation to tender a defense or pay any judgment that might be entered against Dyer. *State Farm Mutual Auto. Ins. Co. v. Dyer,* No. C88-0148-B, slip op. at 2 (D.Wyo. July 28, 1989). On August 17, 1989, Colley appealed the federal district court ruling to the United States Court of Appeals for the Tenth Circuit. In an opinion published March 15, 1994, the decision of the federal district court was affirmed. *State Farm Mutual Automobile Ins. Co. v. Dyer,* 19 F.3d 514 (10th Cir.1994).

Meanwhile, the counsel retained to act on Dyer's behalf by State Farm filed an answer in state district court challenging the substituted service of process. The state district court ruled that service of process was defective. An appeal to this court reversed that ruling and remanded the matter for a hearing to determine whether Colley had exercised due diligence in attempting to locate Dyer under the non-resident motorist statute. *Colley v. Dyer,* 821 P.2d 565, 569 (Wyo. 1991).

Following remand, the state district court ruled that Colley had exercised due diligence in attempting to locate Dyer. Therefore, Colley was permitted to proceed with the wrongful death action against Dyer. By then, the City of Green River had reached a separate settlement with Colley and was dismissed from the action with prejudice.

During pretrial proceedings, Colley renewed an earlier motion for an order striking Dyer's answer and affirmative defenses as a sanction for his failure to participate in discovery. W.R.C.P. 37(b)(2)(C). On November 2, 1992, the state district court ordered that Dyer's answer and affirmative defenses be struck from the record. The state district court also granted a judgment by default against Dyer on the issue of liability. The state district court scheduled a hearing to determine the amount of damages.

On March 19, 1993, State Farm filed a motion to intervene in the wrongful death action in state district court. State Farm sought to intervene to obtain an order vacating the judgment against Dyer on the issue of liability. State Farm also sought to intervene to assert various defenses, including the comparative negligence of other actors.

The state district court denied State Farm's motion to intervene. The state district court noted that in November of 1989, Colley had initially filed a motion to strike Dyer's answer without any effort by State Farm to intervene. The state district court ruled the motion to intervene was not timely. Furthermore, the state district court found that State Farm's interests were not prejudiced. A motion for W.R.C.P. 11 sanctions sought by Colley was denied.

### III. DISCUSSION

W.R.C.P. 24(a)(2) permits a party to intervene as of right in an action:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

\*    \*    \*    \*    \*    \*

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the appli-

cant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ Four conditions must be satisfied to permit intervention as of right under W.R.C.P. 24(a)(2). First, the applicant must claim an interest related to the property or transaction which is the subject of the action. Second, the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest. Third, there must be a showing that the applicant's interest will not be adequately represented by the existing parties. Fourth, the application for intervention must be timely. *James S. Jackson Co., Inc. v. Horseshoe Creek Ltd.,* 650 P.2d 281, 286 (Wyo.1982) (*quoting Platte County School Dist. No. 1 v. Basin Elec. Power Co-op.,* 638 P.2d 1276, 1278 (Wyo. 1982)). An applicant who fails to meet any one of these conditions is not permitted to intervene as of right under W.R.C.P. 24(a)(2). *Platte County School Dist. No. 1,* 638 P.2d at 1280. While State Farm maintains its application for intervention satisfied all four conditions, we need only address the interest requirement of the first condition and the timeliness requirement of the fourth condition. W.R.C.P. 24(a)(2).

■ Questions of law and judicial discretion are presented by the denial of a motion to intervene. *Platte County School Dist. No. 1,* 638 P.2d at 1278. This court accords no deference to a district court's decisions on issues of law. *Prudential Preferred Properties v. J and J Ventures, Inc.,* 859 P.2d 1267, 1271 (Wyo.1993). Therefore, if the district court erroneously denied intervention as of right under the first, second or third conditions of W.R.C.P. 24(a)(2), we will reverse. However, the determination of the timeliness of an application to intervene is a matter within the discretion of the district court. *Curless v. Curless,* 708 P.2d 426, 432 (Wyo. 1985). The district court is permitted to weigh the timeliness of an application to intervene in light of the circumstances of the particular case, including whether the applicant may have sought intervention earlier. *Id.* Therefore, to prevail on an appeal from a finding that an application to intervene is

untimely, an abuse of discretion must be demonstrated. *See also* 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil 2d* § 1923 (1986 & Cum.Supp.1993).

■ In *Platte County School Dist. No. 1,* 638 P.2d at 1279, this court defined the interest necessary to seek intervention. We require that the party seeking to intervene as of right must have a "significantly protectable interest" in the subject of the litigation. *See Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) (adopting significantly protectable interest test for F.R.C.P. 24(a)(2), which is substantially similar to W.R.C.P. 24(a)(2)). The "significantly protectable interest" is distinguished from one which is "merely contingent" or similar to the interest of any other member of the public. *Platte County School Dist. No. 1,* 638 P.2d at 1279.

■ State Farm argues its interest in the litigation between Colley and Dyer is not contingent. State Farm asserts that despite its denial of coverage, an insurer has a right to intervene in a tort action to prevent an unfavorable judgment. We disagree.

In *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 632 (1st Cir.1989), the court carefully considered the "significantly protectable interest" of an insurer after the insurer had adopted a position contesting or denying coverage for a potential claim while still providing a defense for the insured. The court determined the force of law favors a position that an insurer contesting or denying coverage has only a contingent interest in the liability phase of a proceeding and, therefore, is not permitted to intervene as of right. *Id.* at 638–39. "Allowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense." *Id.* at 639.

*Dingwell* builds upon a framework established in *Restor–A–Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871 (2d Cir.1984). The court in *Restor–A–Dent Dental Laboratories, Inc.* affirmed the denial of an application from a general liability insurer to intervene as of right in an action filed against its insured.

The insurer insisted that it had no coverage obligation for a portion of the damages sought by the plaintiff, Restor–A–Dent.

> [T]he transaction that is the subject matter of the action is [the insured's] delivery of allegedly defective alloy to Restor–A–Dent for the latter's use in producing dental products; this, in turn, led to Restor–A–Dent's claim for damages against [the insured] for breach of contract. [The insurer's] interest, on the other hand, is in the amount it will have to pay [the insured] if Restor–A–Dent wins. Accordingly, [the insurer] does not have an interest in the subject matter of the action between Restor–A–Dent and [the insured]. * * * In addition, the interest asserted by [the insurer] depends upon two contingencies. The first is a jury verdict for Restor–A–Dent, for only then will the question of [the insurer's] liability become relevant. The second contingency is a finding in litigation not yet even commenced between [the insurer] and [the insured] that [the insurer] is not responsible for indemnification of certain types of losses under the terms of the policy.

*Id.* at 875. The court held the insurer's economic interest in the outcome of the litigation was not a "significantly protectable interest" which would permit intervention as of right. *Id.* at 875–76.

Influential state court decisions have also adopted the view that an insurer is not permitted to intervene as of right when coverage is contested or denied. The insurer in *Kaczmarek v. Shoffstall,* 119 A.D.2d 1001, 500 N.Y.S.2d 902, 903 (1986) provided a defense for the insured against causes of action for negligence and intentional tort. However, the insurer disclaimed coverage under a homeowner's policy for any intentional tort. The insurer sought to intervene to provide a vigorous defense to the negligence action and request a special verdict from the jury. The court held the insurer was not entitled to intervene as of right because the coverage issues could be litigated in a subsequent action. *Id.* 500 N.Y.S.2d at 903. In *Donna C. v. Kalamaras,* 485 A.2d 222 (Me.1984), the court affirmed the denial of an insurer's application for intervention as of right in a medical malpractice action. The insurer sought to assert various coverage defenses during the tort action. The court held the insurer's interests were contingent upon a verdict against the insured physician and a determination of the coverage questions. *Id.* at 223. *See also United States Fidelity & Guar. Co. v. Adams,* 485 So.2d 720, 722 (Ala.1986) (holding insurer who contested coverage for intentional torts had only a contingent interest which did not permit intervention as of right) and *Kuperstein v. Superior Court (Allstate Ins. Co.),* 204 Cal.App.3d 598, 251 Cal.Rptr. 385, 387 (1988) (holding insurer who denied coverage had no direct interest in tort action which would authorize permissive intervention).

Furthermore, strong public policy considerations support the denial of an insurer's application to intervene in underlying tort litigation. "Clearly the policy of the law is to keep the issue of insurance out of personal injury litigation." *Cromer v. Sefton,* 471 N.E.2d 700, 704 (Ind.App.1984) (holding insurer is not permitted to intervene in underlying tort action to litigate coverage issues). W.R.E. 411 reflects this policy by generally prohibiting the introduction of evidence of insurance. As the court noted in *Allstate Ins. Co. v. Atwood,* 319 Md. 247, 572 A.2d 154, 159 (1990), permitting insurance companies to intervene and become a party to a tort proceeding leads to multiple problems, including forcing the insured to defend against both the resources of the plaintiff and the insurer.

The subject matter of the state district court action between Colley and Dyer is an apportionment of tort liability for wrongful death. State Farm claims an interest in minimizing any judgment for damages. However, State Farm simultaneously maintains it has no obligation to defend Dyer and no obligation to indemnify Dyer for any judgment under the terms of the policy issued to Boyd. Therefore, State Farm's interest in the wrongful death action is "merely contingent." *Platte County School Dist. No. 1,* 638 P.2d at 1279; *Dingwell,* 884 F.2d at 639; *Restor–A–Dent Dental Laboratories, Inc.,* 725 F.2d at 875; *Adams,* 485 So.2d at 722; *Donna C.,* 485 A.2d at 223.

State Farm maintains that without intervention, there will be no ability to assert defenses including, for example, the comparative negligence of the actors. This argument ignores the obligation of the state district court to make an allocation of damages after granting a judgment by default. While the judgment entered by the state district court established Dyer's liability for his actions, as a matter of law, the apportionment of damages required by Wyo.Stat. § 1–1–109(b)(i) or (ii) (1988) remains to be determined. *See* W.R.C.P. 55(b)(2) (providing for a damages hearing or a trial by jury when permitted by statute following an order for a judgment by default).

W.R.C.P. 24(a)(2) requires that an applicant seeking to intervene as of right claim an "interest relating to the property or transaction which is the subject of the action * * *." We hold State Farm's application for intervention failed to meet this condition. The decision of the United States Court of Appeals for the Tenth Circuit in *Dyer*, 19 F.3d 514, supports our position. If no appeal is forthcoming of that decision, State Farm will have no interest under W.R.C.P. 24(a)(2) in the outcome of this litigation.

There is contrary authority, upon which State Farm relies; however, we agree with the court in *Dingwell*, 884 F.2d at 638–39 n. 13, that this authority may be distinguished. In *Guaranty Nat. Ins. Co. v. Pittman*, 501 So.2d 377 (Miss.1987), the court held an insurer, who learned of a tort suit only after a judgment by default had been entered, would be permitted to intervene as of right. While the insurer denied coverage, the court chose to follow some pre–1966 federal authorities which permitted insurers to intervene under a former version of F.R.C.P. 24(a)(2). *Pittman*, 501 So.2d at 383–84 n. 4. Recently, in *Perry County v. Ferguson*, 618 So.2d 1270, 1273 (Miss.1993), the Supreme Court of Mississippi distinguished the "unique facts" supporting intervention in *Pittman*:

(1) A default judgment had been taken against the putative insured;

(2) The putative insured had sued Guaranty National Insurance Company in a separate action for actual and punitive damages alleging it guilty of bad faith in its handling of the case, and in particular, its failure to indemnify and defend;

(3) The judgment debtor was apparently unable to pay the $400,000.00 judgment;

(4) The judgment creditor had filed garnishment proceedings against Guaranty to collect the judgment, and Guaranty by counterclaim sought a declaratory judgment to determine if the judgment debtor was an "insured" under its insurance contract;

(5) Guaranty hired separate counsel for the judgment debtor and by its own attorney sought intervention for the limited purpose of setting the default judgment aside; and

(6) The judgment debtor took no appeal from the judgment.

Without proof of these "unique facts," the court in *Ferguson* held that an applicant with only a contingent economic interest in the outcome of tort litigation would not be permitted to intervene as of right. *Ferguson*, 618 So.2d at 1273. The "unique facts" identified in *Pittman* are not all present to support State Farm's application for intervention as of right.

Similarly, other authority upon which State Farm relies may be distinguished by unique facts. In *Su Duk Kim v. H.V. Corp.*, 5 Haw.App. 298, 688 P.2d 1158, 1162 (1984), the court permitted an insurer to intervene in a tort action because the insureds had effectively removed themselves from the case by negotiating a deal with the plaintiff. Under terms of a stipulation entered into by the insureds, issues of liability and damages were determined and the plaintiff agreed to a covenant not to execute the judgment against the insureds. *Id.* at 1160. These events all occurred after a partial summary judgment was entered in a related declaratory judgment action which found the insurer had no coverage obligation. *Id.* The partial summary judgment was later set aside and the insurer then sought to defend the tort action. *Id.* *See also Campbell v. Plank*, 133 F.R.D. 175, 176 (D.Kan.1990) (permitting insurer to intervene after plaintiff and insured entered into settlement agreement with covenant not to execute judgment against insured); *McGough v. Insurance Co. of North Amer-*

*ica*, 143 Ariz. 26, 691 P.2d 738, 741 (1984) (permitting insurer to intervene after plaintiff and putative insured stipulated to liability and damages with covenant not to execute judgment against insured and to seek recovery only from insurer); and *Brandt v. John S. Tilley Ladders Co.*, 145 Ill.App.3d 304, 99 Ill.Dec. 534, 537, 495 N.E.2d 1269, 1272 (1986) (permitting insurer to intervene to protect subrogation rights after judgment by default was entered against insured as a discovery sanction). The unique facts present in these authorities do not support State Farm's application for intervention.

▇▇▇ The application of State Farm to intervene was also not timely. The timeliness of an application to intervene as of right under W.R.C.P. 24(a)(2) is determined by an evaluation of the totality of the circumstances. *Curless*, 708 P.2d at 432. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir.1977) identified four factors that are used to evaluate the timeliness of an application to intervene as of right. First, the length of time the applicant for intervention knew or reasonably should have known of its interest in the case before the application for leave to intervene was filed. *Id.* Second, the extent of the prejudice that the existing parties to the litigation may suffer as a result of the applicant's failure to seek intervention as soon as the applicant actually knew or reasonably should have known of its interest in the case. *Id.* at 265. Third, the extent of the prejudice that the applicant for intervention may suffer if the application is denied. *Id.* Fourth, the existence of unusual circumstances militating either for or against a determination that the application is timely. *Id.* at 266. *See also* Annotation, *Timeliness of Application For Intervention as of Right Under Rule 24(a) of Federal Rules of Civil Procedure*, 57 A.L.R.Fed. 150 (1982) (collecting cases using totality of the circumstances evaluation of timeliness).

The analysis applied to the four timeliness factors is illustrated by *Culbreath v. Dukakis*, 630 F.2d 15, 20–24 (1st Cir.1980). In *Culbreath*, four labor unions sought to intervene in a class action lawsuit alleging racial discrimination in the hiring and promotion practices of the Commonwealth of Massachu-

setts. *Id.* at 17. The labor unions waited more than four years after initiation of the action but filed their application for intervention within two months of the submission of a consent decree settling the suit. *Id.* The court determined that each of the four labor unions did not act in a timely manner because the unions knew or should have known of the filing of the complaint and the possible effect of the action on union members long before the applications for intervention were filed. *Id.* at 20. The court saw "little merit" in the unions' contention that they learned of their interest in the action only after the class was certified and the consent decree was submitted. *Id.* at 21. It was "obvious," according to the court, that from the inception of the action, the unions may have had an interest; however, they failed to act in a timely manner. *Id.*

The court in *Hartford Acc. and Indem. Ins. Co. v. Birdsong*, 78 Md.App. 343, 553 A.2d 251, *cert. denied*, 316 Md. 427, 559 A.2d 790 (1989) addressed the timeliness of two insurers' applications for intervention in a tort action. The plaintiffs were injured when a truck collided with their car. The plaintiffs filed a personal injury action against several potentially negligent parties, including the truck driver. *Id.* at 252. The insurers retained counsel for some party defendants, but denied any coverage responsibility for the truck driver. *Id.* After the truck driver failed to answer the complaint, a judgment by default was granted in favor of the plaintiffs and against the truck driver. *Id.* at 253. As a trial on damages neared, the insurers attempted to intervene as of right claiming their interests would be unrepresented because of the judgment against the truck driver and the dismissal of the insured parties from the action. *Id.* at 254. The court noted that the insurers were aware in 1983 that the plaintiff intended to hold them liable for any judgment that might be rendered against the truck driver. *Id.* at 258. Despite this knowledge, however, the insurers waited for nearly three years before seeking intervention. *Id.* at 259. After those applications for intervention were denied and the district court's denial was affirmed on appeal, *Hartford Ins. Co. v. Birdsong*, 69 Md.App. 615, 519 A.2d 219 (1987), the insurers renewed

their motions to intervene more than twenty-two months after the damages had been determined by jury verdict. *Birdsong,* 553 A.2d at 256. The court affirmed that the renewed motions were also untimely. *Id.* at 259.

Similarly, State Farm failed to act in a timely manner. From the inception of the action by Colley against Dyer on September 23, 1987, State Farm has known of its contingent interest in the litigation. Because of that interest, State Farm retained counsel on Dyer's behalf while seeking declaratory judgment in federal district court that there was no coverage obligation. During this time period, State Farm was also aware that Dyer was unavailable and that Colley had first sought to strike Dyer's answer on November 13, 1989. Only after the motion to strike was renewed and an order granting the motion was issued on November 2, 1992, did State Farm attempt to intervene. Even then, State Farm waited until March 19, 1993, more than five years after this litigation was commenced, to file its application to intervene. We hold the state district court did not abuse its discretion when it denied State Farm's application to intervene as untimely. *Curless,* 708 P.2d at 432; *Culbreath,* 630 F.2d at 20–24; *Birdsong,* 553 A.2d at 258–59.

■ Finally, Colley requests that we certify that there was no reasonable cause for this appeal and tax as costs $5,000.00 in attorney's fees. W.R.A.P. 10.05. We decline the invitation. In *James S. Jackson Co., Inc. v. Meyer,* 677 P.2d 835, 839 (Wyo.1984), we held that awarding costs is inappropriate when the appeal involves a discretionary ruling on an application for intervention as of right. Therefore, the request for costs is denied.

## IV. CONCLUSION

Intervention as of right requires that the applicant demonstrate an interest in the action sufficient to satisfy W.R.C.P. 24(a)(2). The interest State Farm asserted was contingent. Furthermore, the application for intervention as of right was untimely. The state district court properly denied the application for intervention as of right.

The decision of the state district court is affirmed.