AMERICAN FAMILY INSURANCE COMPANY, Appellant (Applicant for Intervention),

v.

Richard S. BOWEN, Appellee (Plaintiff).

No. 97–276.

Supreme Court of Wyoming.

June 15, 1998.

Paul D. Schierer of Pence and MacMillan, Laramie, for Appellant(Applicant for Intervention).

Michael W. Strain of Morman Law Firm, Sturgis, SD, for Appellee(Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant American Family Insurance Company appeals from the order which de-

nied its motion to intervene and its motion to vacate a default judgment.

We affirm.

## ISSUES

American Family presents the following issues for our review:

I. Did the District Court err in denying Appellant's Motion To Vacate Judgment?

A. Were the Affidavit of Julie Urbaniak and Bowen's Resistance to American Family's Motions properly before the District Court for consideration when filed after the deadline provided by Rule 6(c)(1), Wyoming Rules of Civil Procedure?

B. Did Bowen fail to establish personal jurisdiction over Defendant Harris under the Wyoming Non–Resident Motorist Statute, W.S. § 1–6–301?

[C]. Should this Court rule the January 2, 1996, Judgment void, regardless of the District Court's decision on intervention?

II. Did the District Court err in denying Appellant's Motion To Intervene as untimely filed?

A. Were the Affidavit of Julie Urbaniak and Bowen's Resistance to American Family's Motions properly before the District Court for consideration when filed after the deadline provided by Rule 6(c)(1), Wyoming Rules of Civil Procedure?

B. Can an attack against a void judgment entered without personal jurisdiction ever be considered untimely?

## FACTS

On February 20, 1993, Appellee Richard Bowen was injured when his car collided with a car driven by David Harris on Interstate 80 near Laramie. Harris was a resident of the State of Washington and did not have insurance. Bowen was an Iowa resident, and American Family was his uninsured motorist carrier. American Family initially refused, however, to pay for most of Bowen's medical bills.

On May 22, 1995, Bowen filed a complaint in the district court against Harris. He also sent copies of the complaint, summons, and demand for a jury trial to American Family and invited it to intervene in the action. American Family did not intervene at that time. Bowen attempted to serve Harris with process by following the procedure set out in Wyoming's nonresident motorist statute, WYO. STAT. § 1–6–301 (1997). He served the Secretary of State with copies of the complaint and summons, but his efforts to serve Harris by mail were not successful. Harris did not answer the complaint.

At Bowen's request, the district court filed an order on November 14, 1995, in which it directed the clerk of court to enter a default against Harris. Bowen notified American Family of the entry of default and informed the insurer that a hearing to determine his damages was scheduled for December 18, 1995. After the hearing, the district court issued findings of fact and conclusions of law and entered a default judgment in the amount of $86,000.

Bowen initiated an action in Iowa against American Family to collect on the Wyoming default judgment. After Bowen commenced the collection action, American Family filed a motion to intervene in the Wyoming case and a motion to vacate the default judgment against Harris. American Family claimed that the default judgment was void because Bowen did not properly serve Harris with process and that the district court, therefore, did not have personal jurisdiction over Harris.

After holding a hearing, the district court issued a decision letter and filed an order, denying American Family's motions. American Family appealed to this Court.

## DISCUSSION

American Family contends that the district court erred when it denied its motion to intervene in the action between Bowen and Harris. W.R.C.P. 24(a) sets forth the standard for intervention as a matter of right:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

American Family maintains that it was entitled to intervene under W.R.C.P. 24(a)(2). In *State Farm Mutual Automobile Insurance Company v. Colley,* 871 P.2d 191 (Wyo. 1994), this Court outlined four conditions which must be satisfied before a party may intervene under W.R.C.P. 24(a)(2).

First, the applicant must claim an interest related to the property or transaction which is the subject of the action. Second, the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest. Third, there must be a showing that the applicant's interest will not be adequately represented by the existing parties. Fourth, the application for intervention must be timely. An applicant who fails to meet any one of these conditions is not permitted to intervene as of right under W.R.C.P. 24(a)(2).

871 P.2d at 194 (citations omitted).

▉ In this case, the district court and the parties focused on the fourth factor; i.e., the timeliness of American Family's motion to intervene. The district court has discretion in determining the timeliness of an application to intervene. *Id.* We will reverse a district court's decision only when an abuse of discretion has been demonstrated. *Id.*

Four factors are utilized to ascertain whether an application to intervene was timely. 871 P.2d at 197.

First, the length of time the applicant for intervention knew or reasonably should have known of its interest in the case before the application for leave to intervene was filed. Second, the extent of the prejudice that the existing parties to the litigation may suffer as a result of the applicant's failure to seek intervention as soon as the applicant actually knew or reasonably should have known of its interest in the case. Third, the extent of the prejudice that the applicant for intervention may suffer if the application is denied. Fourth, the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* (citations omitted). We evaluate the totality of the circumstances of a case in determining the timeliness of an application to intervene under W.R.C.P. 24(a)(2). *Id.; see also Curless v. Curless,* 708 P.2d 426, 432 (Wyo.1985).

We must first address American Family's argument that the district court should have granted its motion to strike Bowen's resistance to American Family's motion to intervene and an affidavit in support of the resistance because they were not filed within the time required by W.R.C.P. 6(c). The record is not entirely clear as to when Bowen served the resistance and the affidavit; however, the parties seem to agree that they were not served on time. Although the district court did not expressly rule on American Family's motion to strike, the court obviously denied that motion because, in its decision letter, it relied on the documents which Bowen had submitted.

▉ W.R.C.P. 6(c)(1) provides in pertinent part that, "unless the court by order permits service at some other time, a party affected by the motion shall serve a response, if any, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20 days after service of the motion, whichever is earlier." Under the plain language of W.R.C.P. 6(c)(1), the district court may permit the response to a motion to be served at a time other than the time specified in the rule. The district court also has discretion in deciding whether or not to strike a party's response. *See Beck v. Adams,* 62 Wyo. 431, 174 P.2d 134, 137 (1946); *Kimbel v. Osborn,* 61 Wyo. 89, 156 P.2d 279, 288 (1945). American Family has not shown that it was prejudiced by the district court's denial of its motion to strike. The information

which the district court relied upon in determining whether or not American Family's motion to intervene was timely was available to American Family as well as to Bowen. The district court did not abuse its discretion in refusing to strike Bowen's resistance and the documents which supported it.

■ The first factor which is used to decide whether an application to intervene was timely is the length of time the applicant knew or should have known of its interest in the case prior to filing its application. The record is clear that American Family knew from the beginning of the case about its interest in the lawsuit. American Family and Bowen had exchanged correspondence before Bowen filed his lawsuit against Harris. The correspondence confirmed that American Family knew that it was Bowen's uninsured motorist insurer and that Harris did not have insurance. Bowen informed American Family that he had filed a complaint against Harris and invited American Family to intervene in the matter. Bowen continued to keep American Family apprised of the progression of the case. American Family did not attempt to intervene until after Bowen took a default judgment against Harris and commenced a collection action in Iowa against American Family. American Family waited a considerable length of time after it knew of its interest before attempting to intervene in the action.

We next look at the prejudice which the existing parties could suffer as a result of American Family's failure to intervene when it first knew of its interest in the case. Harris would not be prejudiced by the delay because he did not appear in this case. Bowen, on the other hand, could be significantly prejudiced by American Family's delay in seeking intervention. He spent time and money in securing a default judgment against Harris and in initiating a collection action against American Family. If American Family were allowed to intervene at this late date, Bowen could be forced to litigate the underlying damages claim, and all his efforts would be sacrificed.

The third factor that we consider is the prejudice which American Family could endure from not being allowed to intervene. Obviously, American Family would be prejudiced by a denial of its motion because it would not be allowed to contest the default judgment.

The last factor allows us to consider any unusual circumstances which militate either for or against allowing intervention. As the district court correctly found, the record in this case does not reveal any special circumstances which pertain to the issue of the timeliness of American Family's application.

Looking at the case as a whole, we conclude that American Family's motion to intervene was not timely. American Family should have intervened much earlier—before the default judgment was entered and before the Iowa collection action was commenced. "To wait until after adjudication of the issues is too late, barring extraordinary circumstances.... The application of the intervenor must be made when it is still practical for other parties to enter the action." *Curless*, 708 P.2d at 432. The district court, therefore, did not abuse its discretion when it denied American Family's motion to intervene.

American Family contends that, even if we determine that the district court did not err by denying its motion to intervene, we must still vacate the default judgment because the judgment is void. American Family maintains that the district court did not have personal jurisdiction over Harris because he was not properly served with process.

■ Our decision that the district court did not err when it denied American Family's motion to intervene is dispositive in this case. American Family, as a stranger to this action, cannot raise the issue of whether or not Harris was properly served with process. That right belongs to Harris. "[I]t is a personal privilege of a defendant to require that he or she be served with process in a legal manner." 20 AM.JUR.2D *Courts* § 103 at 407 (1995). A defendant has the right to consent to the court's jurisdiction even though he has not been appropriately served,

and he may waive his right to contest such service. W.R.C.P. 12(b) & (h); *Cotton v. Brow,* 903 P.2d 530, 531 (Wyo.1995); *see also* 20 AM.JUR.2D, *supra.* If Harris appears and contests the validity of the judgment, the Wyoming courts may then address the personal jurisdiction issue.

Affirmed.