2008 WY 64

**CONCERNED CITIZENS OF SPRING CREEK RANCH, Suydam Associates Ltd. Partnership, Harvest Dance Associates, LLC, A Utah Limited Liability Company, Ronald and Joan Harris, Adam and Elizabeth Maberly, Donna L. Falk, Appellants (Applicants for Intervention)**

v.

**TIPS UP, L.L.C., Appellee (Plaintiff)**

and

**Spring Creek Homeowners' Association and Spring Creek Architectural Committee, Appellees (Defendants).**

No. S–07–0159.

Supreme Court of Wyoming.

June 10, 2008.

Representing Appellants: Abigail Susan Moore and Joseph F. Moore, Jr., Moore, Myers & Garland, LLC, Jackson, Wyoming. Argument by Ms. Moore.

Representing Appellee Tips Up: David B. Hooper, Hooper Law Offices, P.C., Riverton, Wyoming; Raymond E. Loughrey, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, San Francisco, California. Argument by Mr. Hooper.

Representing Appellees Spring Creek Homeowners' Association, and Spring Creek Architectural Committee: Edward Frank Hess, Hess Carlman & D'Amours, LLC, Jackson, Wyoming; William H. Short, HindmanSanchez, P.C., Arvada, Colorado. Argument by Mr. Short.

Before GOLDEN, HILL, KITE, and BURKE, JJ., and ARNOLD, D.J.

ARNOLD, District Judge.

[¶ 1] Appellants appeal the district court's denial of their motion to intervene in a dispute between their homeowners' association and another property owner. We will affirm.

## ISSUES

[¶ 2] Proposed Intervenors raise the following issues on appeal:

1. Whether the district court properly denied Proposed Intervenors' Motion to Intervene as of Right?

2. Whether the district court properly denied Proposed Intervenors' Motion for Permissive Intervention?

## FACTS

[¶ 3] Tips Up, L.L.C. (Tips Up) purchased a fifty (50) percent interest in a parcel of real property near Jackson, Wyoming, identified as Lot 5 of the Final Plat for Spring Creek Ranch. According to Tips Up, it purchased the parcel of real property in early 2004 with the intent of subdividing the parcel. After subdividing the parcel, Tips Up planned that Aman-style family homes would be built by Alexander H. Schilling, a member of Tips Up, and other buyers. Lot 5 is benefited and encumbered by Covenants, Conditions and Restrictions (CC & Rs) recorded prior to the acquisition of interest by Tips Up. The entire Spring Creek Ranch development is also governed by *Architectural Controls and Design Guidelines*. The Spring Creek Homeowners' Association and the Spring Creek Architectural Committee were created for purposes including, among others, managing and enforcing the CC & Rs and the *Architectural Controls and Design Guidelines*.

[¶ 4] Mr. Schilling, acting on behalf of Tips Up, submitted a Preliminary Architectural Plan to the Architectural Committee in June 2004. On June 21, 2005, the Architectural Committee rejected Mr. Schilling's Preliminary Architectural Plan, finding that it did not comply with the *Architectural Controls and Design Guidelines*.

[¶ 5] Mr. Schilling appealed the Architectural Committee's decision to the Board of Directors of the Spring Creek Homeowners' Association (Board of Directors) on July 18, 2005. On August 15, 2005, the Board of Directors remanded the appeal back to the Architectural Committee instructing it to make the entire record of the Architectural Committee's proceedings available to Mr. Schilling. Mr. Schilling, on behalf of Tips Up, again submitted the Preliminary Architectural Plan on September 12, 2005. After a

meeting, the Architectural Committee reaffirmed its previous rejection of the Preliminary Architectural Plan.

[¶ 6]   On October 26, 2005, Mr. Schilling, on behalf of Tips Up, appealed the Architectural Committee's decision to the Board of Directors.  The Architectural Committee responded to Mr. Schilling's appeal on November 7, 2005.  Mr. Schilling filed his reply on November 21, 2005.  On December 15, 2005, the Board of Directors upheld the Architectural Committee's decision rejecting Tips Up and Mr. Schilling's request.

[¶ 7]   Tips Up filed suit against the Homeowners' Association and the Architectural Committee on July 10, 2006, seeking declaratory and injunctive relief.  Tips Up claims the Board of Directors and Architectural Committee failed to act in good faith or with due diligence in reviewing its Preliminary Architectural Plan.  On July 28, 2006, the Homeowners' Association and the Architectural Committee submitted their collective Answer.

[¶ 8]   On March 27, 2007, Concerned Citizens of Spring Creek Ranch, Suydam Associates Ltd. Partnership, Harvest Dance Associates, LLC, Ronald and Joan Harris, Adam and Elizabeth Maberly, and Donna L. Falk (hereinafter collectively referred to as Proposed Intervenors) submitted their Motion to Intervene as New Party Defendants.  Proposed Intervenors motioned the Ninth Judicial District Court to intervene, as of right or permissively, pursuant to Rule 24 of the Wyoming Rules of Civil Procedure.

[¶ 9]   Tips Up filed its opposition to the motion to intervene on April 20, 2007.  The Homeowners' Association and the Architectural Committee filed its opposition on May 11, 2007.  On May 17, 2007, Proposed Intervenors submitted their response to the parties' opposition.

[¶ 10]   The Ninth Judicial District Court held a hearing on Proposed Intervenors' motion to intervene on May 18, 2007.  On May 25, 2007, the district court entered an Order Denying Motion to Intervene.  The district court found that Proposed Intervenors had failed to prove all conditions required by Wyoming law in order to intervene as of right.  The Proposed Intervenors filed their notice of appeal on June 25, 2007.

## STANDARD OF REVIEW

[¶ 11]   Two kinds of intervention exist: intervention of right and permissive intervention.  W.R.C.P. 24.  In reviewing a denial of intervention of right, both questions of law and judicial discretion exist.  *Halliburton Energy Services, Inc. v. Gunter*, 2007 WY 151, ¶ 5, 167 P.3d 645, 648 (Wyo.2007) (quoting *Masinter v. Markstein*, 2002 WY 64, ¶ 7, 45 P.3d 237, 240 (Wyo.2002)).  In order for an applicant for intervention of right to be allowed to participate, he or she must meet four conditions, which are discussed in detail below.  *State Farm Mut. Auto. Ins. Co. v. Colley*, 871 P.2d 191, 194 (Wyo.1994) (citing *James S. Jackson Co., Inc. v. Horseshoe Creek Ltd.*, 650 P.2d 281, 286 (Wyo. 1982)).  The first three conditions of intervention of right are questions of law.  *Halliburton*, ¶ 5, 167 P.3d at 648 (quoting *Masinter*, ¶ 7, 45 P.3d at 240–41).  "This [C]ourt accords no deference to a district court's decisions on issues of law."  *Masinter*, ¶ 7, 45 P.3d at 240.  Because the first three conditions of intervention of right are questions of law, this Court will reverse the district court's denial of intervention of right if it erroneously denied intervention of right based on the first, second, or third conditions.  *Id.* at 240–41.  The fourth condition, however, is a "matter within the discretion of the district court."  *Id.* at 241.

> The district court is permitted to weigh the timeliness of an application to intervene in light of the circumstances of the particular case, including whether the applicant may have sought intervention earlier.  Therefore, to prevail on an appeal from a finding that an application to intervene is untimely, an abuse of discretion must be demonstrated.

*Id.*

[¶ 12]   The district court's denial of a motion for permissive intervention is given deference.  *Halliburton*, ¶ 9, 167 P.3d at 649.  This Court reviews the district court's denial of a motion for permissive intervention for an abuse of discretion.  *Id.*

## DISCUSSION

### A. Intervention of Right

[¶ 13] Intervention is governed by Rule 24 of the Wyoming Rules of Civil Procedure. Intervention is defined as "the process by which a non-party becomes a party to a lawsuit, either as an additional plaintiff or an additional defendant." *Halliburton*, ¶ 4, 167 P.3d at 648 (citing *Black's Law Dictionary* 840 (8th ed.2004)). Two kinds of intervention exist: intervention of right and permissive intervention. W.R.C.P. 24. With regard to the first type of intervention, the Wyoming Rules of Civil Procedure provide as follows:

> (a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:
>
> . . .
>
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

W.R.C.P. 24(a)(2). A party seeking to intervene as of right must meet all conditions of W.R.C.P. 24(a)(2). *Halliburton*, ¶ 6, 167 P.3d at 648 (citing *State Farm*, 871 P.2d at 194). A party who fails to meet all the conditions will not be permitted to intervene as of right. *State Farm*, 871 P.2d at 194.

[¶ 14] To satisfy the conditions of W.R.C.P. 24(a)(2), this Court has created a four-part test. *See State Farm*, 871 P.2d at 194. The conditions of the test are: 1) the applicant must claim an interest related to the property or transaction which is the subject of the action; 2) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; 3) there must be a showing that the applicant's interest will not be adequately represented by the existing parties; and 4) the application for intervention must be timely. *Id.* (citing *James S. Jackson*, 650 P.2d at 286). Intervention of right is construed broadly in favor of intervention. *Sierra Club v. United States EPA*, 995 F.2d 1478, 1481 (9th Cir.1993) (citing *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir.1990)). The first three conditions are issues of law, while the fourth condition is a determination of fact. *State Farm*, 871 P.2d at 194.

### i. Timeliness

[¶ 15] Because the fourth condition is a determination of fact, it is a threshold issue. *Platte County School Dist. No. 1 v. Basin Elec. Power Coop.*, 638 P.2d 1276, 1278 (Wyo.1982). An application to intervene may be denied solely on the basis of timeliness. *Id.* Whether an application to intervene is timely is a "flexible" question. *Id.* (citing 7A Wright & Miller, *Federal Practice & Procedure*, § 1916, at 572 (1972); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir.1970)). A determination of whether an application for intervention is timely is within the sound discretion of the trial judge. *Id.* To determine whether an application for intervention is timely, the district court must evaluate the totality of the circumstances. *State Farm*, 871 P.2d at 197 (citing *Curless v. Curless*, 708 P.2d 426, 432 (Wyo.1985)). In *State Farm*, this Court identified four factors to be used in determining timeliness. *Id.* (adopting factors in *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir.1977)). These factors are: 1) "the length of time the applicant for intervention knew or reasonably should have known of its interest in the case before the application for leave to intervene was filed"; 2) "the extent of the prejudice that the existing parties to the litigation may suffer as a result of the applicant's failure to seek intervention as soon as the applicant actually knew or reasonably should have known of its interest in the case"; 3) "the extent of the prejudice that the applicant for intervention may suffer if the application is denied"; and 4) "the existence of unusual circumstances militating either for or against a determination that the application is timely". *Id.*

[¶ 16] The district court held that after "considering the history and nature of the case at bar, [Proposed Intervenors'] motion is not timely." On examination of the record,

this Court finds that the district court did not abuse its discretion in holding Proposed Intervenors' Motion to Intervene untimely. Among other things, the district court based its holding on a finding that the application for intervention was untimely because the case had been going on for a number of months before the Proposed Intervenors filed their application. Further, they only filed their application once they heard that the parties were discussing settlement and the Proposed Intervenors suspected that the settlement would not be consistent with the interests of the Proposed Intervenors.

### ii. Protectable Interest

[¶ 17] In evaluating the first two conditions, an applicant seeking intervention of right must present a significant protectable interest. *Platte County*, 638 P.2d at 1279. A significant protectable interest is distinguished from a merely contingent interest, an interest shared by members of the public at large, or a mere concern in the outcome. *Halliburton*, ¶ 6, 167 P.3d at 648 (citing *State Farm*, 871 P.2d at 194; *Platte County*, 638 P.2d at 1279). An applicant seeking intervention of right has the burden of demonstrating a significant protectable interest. *Platte County*, 638 P.2d at 1279.

[¶ 18] Proposed Intervenors argue that, as land owners within Spring Creek Ranch whose lands are benefited and burdened by the CC & Rs and *Architectural Controls and Design Guidelines* for Spring Creek Ranch, they have a protectable interest in the underlying litigation. According to Article XIV, § 1(b) of the CC & Rs:

> The Architectural Committee and *any Owner shall have the right to enforce by any proceeding at law or in equity all restrictions and conditions imposed by,* pursuant to, or in accordance with the provisions of this Declaration including particularly the provisions of Article VI regarding Use Restrictions and the provisions of Article VII regarding Architectural Control, and *any rules or regulations of the Architectural Committee.*

*Amended and Restated Declaration of Covenants, Conditions and Restriction[s] of Spring Creek Ranch,* Article XIV, § 1(b), at

54 (2001) (emphasis added). The underlying case, however, involves Tips Up's claim against the Board of Directors and Architectural Committee regarding their denial of Tips Up's Preliminary Architectural Plan. It involves the actions of the Board of Directors and Architectural Committee and not, strictly speaking, the enforcement of the CC & Rs.

[¶ 19] The district court held that the Proposed Intervenors failed to demonstrate "a significantly protectable interest in the subject of the litigation." Clearly, the Proposed Intervenors have a significant protectable interest in the enforcement of the CC & Rs; however, any impact on Proposed Intervenors' property interest by the outcome of the underlying case is contingent. Proposed Intervenors' interests are contingent because the underlying case simply involves the Board of Directors' and the Architectural Committee's actions in denying Tips Up's Preliminary Architectural Plan. If the district court finds in favor of Tips Up or a settlement agreement is reached, Tips Up must still proceed through the formal processes required by the CC & Rs and other laws in order to have the full reaches of the Preliminary Architectural Plan approved. During this process, Proposed Intervenors' interests in the enforcement of the CC & Rs become vested. Because Proposed Intervenors' interests are contingent, the district court properly held that they failed to show a significant protectable interest which would be affected by the underlying litigation.

### iii. Adequacy of Representation

[¶ 20] With regard to the third condition, an applicant for intervention must show that his or her significant protectable interest is not adequately represented. The applicant has the burden of showing that his or her interests are not adequately represented by the existing parties. *Oregon Envtl. Council v. Oregon Dep't of Envtl. Quality,* 775 F.Supp. 353, 358 (D.Or.1991). An intervenor's burden is only minimal in that he or she must only show that his or her interest may not be adequately represented. *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1254 (10th Cir.2001). In *Oregon,* the

Court adopted three factors from the Ninth Circuit:

> 1) whether the interest of a present party is such that the party will undoubtedly raise the same arguments as the intervenor; 2) whether the present party is capable and willing to make such arguments; and 3) whether the intervenor would offer any necessary elements to the proceedings that the existing parties would neglect.

775 F.Supp. at 358–59 (citing *California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)). "Where the intervenor and an existing party have the same objective, a presumption of adequacy of representation arises." *Id.* at 359 (citing *American Nat'l Bank & Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 148 n. 3 (7th Cir.1989)). A simple difference between a party and an intervenor's motivation in the litigation is not enough to show inadequacy of representation. *Id.*

██ [¶ 21] According to Article XIV of the CC & Rs:

> Each Owner hereby vests in and delegates to the [Homeowners' Association] or its authorized representatives the right and power to bring all actions at law … against Owner or Owners … for the enforcement of any covenant violations, and hereby expressly waives any objection to the enforcement in accordance with this Declaration … and the rules and regulations of the [Homeowners' Association], whether or not suit is actually filed against the Owner.

*Amended and Restated Declaration of Covenants, Conditions and Restriction[s] of Spring Creek Ranch*, Article XIV, § 1, at 55 (2001). Proposed Intervenors argue: 1) the Board of Directors and Architectural Committee do not adequately represent them; and 2) they have the authority under the CC & Rs to enforce the CC & Rs. *See Amended and Restated Declaration of Covenants, Conditions and Restriction[s] of Spring Creek Ranch*, Article XIV, § 1(b), at 54 (2001). As discussed above, Proposed Intervenors may have the authority to enforce the CC & Rs, but this case is not about enforcement of the CC & Rs. It is about Tips Up's claim against the Board of Directors and Architectural Committee for denying Tips Up's Preliminary Architectural Plan. To the extent that Proposed Intervenors have any significant protectable interest which may be impaired by the trial court's decision to uphold or overturn the denial of the Preliminary Architectural Plan, the Homeowners' Association and Architectural Committee adequately represent that interest. Further, to the extent that the underlying case might actually involve the enforcement of the CC & Rs, Proposed Intervenors, as property owners subject to the CC & Rs, have delegated all authority to the Homeowners' Association and the Architectural Committee in the enforcement of the CC & Rs and representation of them in litigation involving the CC & Rs.

[¶ 22] The district court held the Proposed Intervenors "fail[ed] to show their rights [had] been or [would] be inadequately represented by the Architectural Committee or the homeowners association (sic)." Proposed Intervenors vested the Homeowners' Association and Architectural Committee with the authority to represent them in the underlying litigation. The Proposed Intervenors failed to demonstrate how the Homeowners' Association and Architectural Committee do not adequately represent them in the underlying litigation. Thus, the district court's decision is in accordance with law.

## B. Permissive Intervention

██ [¶ 23] Even if an applicant seeking to intervene in a case cannot intervene by right, he or she may be allowed to permissively intervene. Rule 24 of the Wyoming Rules of Civil Procedure reads:

> (b) *Permissive intervention.*—Upon timely application anyone may be permitted to intervene in an action:
>
> > (2) When an applicant's claim or defense and the main action have a question of law or fact in common.… In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

W.R.C.P. 24(b)(2). Permissive intervention may be allowed in the district court's discre-

tion. *Masinter*, ¶ 6, 45 P.3d at 240. The district court may allow permissive intervention "when the intervenor's claim or defense has a question of fact or law in common with the main action." *Id.* In exercising its discretion, the district court must determine whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties or not. *Id.*

[¶ 24] The district court denied intervention. As discussed above, the district court held Proposed Intervenors' application for intervention of right untimely. Because an application for permissive intervention must be timely, if intervention of right was untimely, then, presumably, so was permissive intervention. Therefore, upon examination of the record and relying on many of the points raised above, this Court does not find any abuse of discretion by the district court in its denial of Proposed Intervenors' Motion for Permissive Intervention.

### CONCLUSION

[¶ 25] Intervention of right involves both questions of law and discretionary judgments. Proposed Intervenors failed to demonstrate how their interests in the enforcement of the CC & Rs would directly be affected by the underlying litigation. If anything, the Proposed Intervenors' interests in the enforcement of the CC & Rs are contingent interests. Most importantly, Proposed Intervenors vested the Homeowners' Association and Architectural Committee with the authority to represent them in all matters regarding the CC & Rs. They have not demonstrated how such representation does not adequately represent their interests, if they have any, in the underlying litigation. Further, the district court's decision that the Proposed Intervenors did not file a timely motion for intervention was not an abuse of its discretion. Because Proposed Intervenors failed to meet any of the four conditions for intervention of right, the district court did not err in denying Proposed Intervenors' Motion for Intervention of Right.

[¶ 26] Granting permissive intervention is within the sound discretion of the district court. The denial of permissive intervention will only be overturned if the district court abused its discretion. In the case at hand, the district court did not abuse its discretion and, thus, properly denied Proposed Intervenors' Motion for Permissive Intervention.

[¶ 27] Affirmed.