2012 WY 5

**William HIRSHBERG, Appellant
(Proposed Intervenor),**

v.

**David COON, Gail Jensen, Russell Magarity, Susan Magarity, and Debra Davis, Appellees (Petitioners).**

**Dr. Mark Menolascino, Appellant
(Proposed Intervenor),**

v.

**David Coon, Gail Jensen, Russell Magarity, Susan Magarity, and Debra Davis, Appellees (Petitioners).**

Nos. S–11–0113, S–11–0115, S–11–0114, S–11–0116.

Supreme Court of Wyoming.

Jan. 10, 2012.

Representing Appellants, William Hirshberg and Dr. Mark Menolascino: Stuart R. Day, Keith J. Dodson, and Brian J. Marvel, Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Representing Appellee, Debra Davis: Elizabeth Greenwood and Inga L. Parsons, Attorneys at Law, Pinedale, Wyoming.

Representing Appellees, David Coon, Gail Jensen, Russell Magarity, and Susan Magarity: Peter F. Moyer, Esq., Jackson, Wyoming.

Before GOLDEN, HILL, VOIGT, and BURKE, J.J.; WALDRIP, D.J.

WALDRIP, District Judge.

[¶ 1] In 2008, the Teton County Commission ("the Commission") approved a "Parcel Boundary Adjustment Application" regarding certain real property located in Teton County, Wyoming. Appellees, David Coon, Gail Jensen, Russell and Susan Magarity, and Debra Davis ("Appellees"), sought judicial review of the Commission's decision. In late 2008 and early 2009, respectively, Appellants, Dr. Mark Menolascino and William Hirshberg, purchased the subject property. Neither sought to intervene in the judicial review proceedings. Ultimately, in February 2011, the reviewing district court reversed the decision of the Commission. The parties to the original administrative proceedings, and the judicial review thereof, declined to appeal this ruling. Appellants Hirshberg and Menolascino, however, filed a notice of appeal with respect to the district court's decision. They contemporaneously filed a motion to intervene in the district court proceedings for the sole purpose of pursuing the appeal therefrom. The district court denied their motion to intervene, and Appellants Hirshberg and Menolascino appealed from this decision as well. All four appeals have been consolidated before this Court. For the reasons set forth herein, we will affirm Appeal Nos. S–11–0115 and S–11–0116 and dismiss Appeal Nos. S–11–0113 and S–11–0114.

## ISSUES

[¶ 2] Appellants Hirshberg and Menolascino present the following issues for review:

1. Whether the District Court Erred When It Denied Appellant's Motion to Intervene.

2. Whether A Non–Party May Appeal From a Judgment, i.e., The District Court's Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming.

3. Whether a Non–Party May Intervene, Post–Judgment, for the Purpose of Appeal.

4. Whether the Board of County Commissioners for Teton County's Decision Was Supported By Substantial Evidence and in Accordance with Law.

5. Whether the District Court's Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming Was Not Supported by Substantial Evidence, Was Contrary to Law, or Was Arbitrary and Capricious.

6. Whether The District Court Failed to Apply the Appropriate Standard of Review.

7. Whether the District Court Erred in Applying the Merger Doctrine.

8. Whether the District Court Erred in Holding the Subject Parcels of Real Property Merged into One Parcel of Real Property.

9. Whether an Exception to the Merger Doctrine Applies to the Subject Parcels of Real Property.

Appellees generally rely upon the same issues but have addressed only the first three, given their position that those issues are dispositive of the outcome of this case.[1]

## RELEVANT FACTS AND PROCEDURAL HISTORY

[¶ 3] The underlying history is lengthy, and given this Court's disposition of the issues on procedural grounds, it is necessary only to set forth a condensed version of the background facts: In January 2008, the owners of four (4) lots of real property located in Teton County, Wyoming, filed a "Parcel Boundary Adjustment Application" with the Teton County Planning Board ("the Planning Board"), proposing to develop a single family residence on each parcel. The Planning Board approved the application on the condition that the property would be divided into three parcels, not four. In September 2008, the Teton County Commission ("the Commission") affirmed the Planning Board's decision, also ruling on a corollary issue that the lots had not merged into one.

1. The Court notes the risk of this tactic. We know of no automatic procedure that would allow Appellees to file another brief on the other issues, should that become necessary.

[¶ 4] In October 2008, Appellees, David Coon, Gail Jensen, Russell and Susan Magarity, and Debra Davis ("Appellees") sought judicial review of the Commission's decision.

[¶ 5] In December 2008, Appellee Dr. Mark Menolascino purchased one of the approved/adjusted lots. In April 2009, Appellee William Hirshberg purchased the other two lots. Mr. Hirshberg and Dr. Menolascino were aware of the pending judicial review of the County's decision at the time each purchased his property but neither sought to intervene in those proceedings.

[¶ 6] On February 25, 2011, the District Court for the Ninth Judicial District, Teton County, entered its *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming,* ruling that the four lots had merged into one. In March 2011, the Commission decided not to appeal the district court's decision.

[¶ 7] On March 21, 2011, Dr. Menolascino and Mr. Hirshberg filed motions to intervene in the district court case for the sole purpose of pursuing appeals from the *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming.* On or about March 25, 2011, although not parties to the district court case, they filed timely notices of appeal of that court's *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming.*

[¶ 8] On April 7, 2011, the district court entered its *Order Denying Motion to Intervene by Dr. Mark Menolascino and William Hirshberg.* The court ruled that the motions were untimely and noted that "the movants were aware of the appeal prior to their purchase of their properties." On May 2, 2011, Dr. Menolascino and Mr. Hirshberg filed notices of appeal from the *Order Denying Motion to Intervene by Dr. Mark Menolascino and William Hirshberg.* All four appeals have been consolidated before this Court.

## STANDARD OF REVIEW

[¶ 9] Although the underlying substantive matters involve the review of an administrative agency's final decision, this Court is not called upon to reach that level of review to resolve the issues presented to it and, thus, not called upon to recount the standard of review applicable to administrative proceedings. Rather, this Court is concerned with the parties' ability to seek appeal from the district court's decision, particularly given the denial of the motion to intervene. That said, the appropriate standard of review regarding motions to intervene has been set forth as follows:

Two kinds of intervention exist: intervention of right and permissive intervention. W.R.C.P. 24. In reviewing a denial of intervention of right, both questions of law and judicial discretion exist. *Halliburton Energy Services, Inc. v. Gunter,* 2007 WY 151, ¶ 5, 167 P.3d 645, 648 (Wyo.2007) (quoting *Masinter v. Markstein,* 2002 WY 64, ¶ 7, 45 P.3d 237, 240 (Wyo.2002)). In order for an applicant for intervention of right to be allowed to participate, he or she must meet four conditions, which are discussed in detail below. *State Farm Mut. Auto. Ins. Co. v. Colley,* 871 P.2d 191, 194 (Wyo.1994) (citing *James S. Jackson Co., Inc. v. Horseshoe Creek Ltd.,* 650 P.2d 281, 286 (Wyo.1982)). The first three conditions of intervention of right are questions of law. *Halliburton,* ¶ 5, 167 P.3d at 648 (quoting *Masinter,* ¶ 7, 45 P.3d at 240–41). "This [C]ourt accords no deference to a district court's decisions on issues of law." *Masinter,* ¶ 7, 45 P.3d at 240. Because the first three conditions of intervention of right are questions of law, this Court will reverse the district court's denial of intervention of right if it erroneously denied intervention of right based on the first, second, or third conditions. *Id.* at 240–41. The fourth condition, however, is a "matter within the discretion of the district court." *Id.* at 241.

The district court is permitted to weigh the timeliness of an application to intervene in light of the circumstances of the particular case, including whether the applicant may have sought intervention earlier. Therefore, to prevail on an appeal from a finding that an application to intervene is untimely, an abuse of discretion must be demonstrated.

*Id.*

The district court's denial of a motion for permissive intervention is given deference. *Halliburton,* ¶ 9, 167 P.3d at 649. This Court reviews the district court's denial of a motion for permissive intervention for an abuse of discretion. *Id.*

*Concerned Citizens of Spring Creek Ranch v. Tips Up, L.L.C.,* 2008 WY 64, ¶¶ 11–12, 185 P.3d 34, 38 (Wyo.2008).

## DISCUSSION

[¶ 10] Due to its potentially dispositive nature, this Court initially considers whether the district court appropriately denied Appellants Hirshberg and Menolascino's motion to intervene in the district court's judicial review of the Commission's agency action. On March 21, 2011, Appellants Hirshberg and Menolascino sought leave to intervene in the district court's judicial review proceedings for the sole purpose of pursuing an appeal from the district court's order reversing the agency action. On April 7, 2011, the court denied their requests for intervention in its *Order Denying Motion to Intervene by Dr. Mark Menolascino and William Hirshberg.* Dr. Menolascino and Mr. Hirshberg then appealed that order, arguing that the court erred in denying their request to intervene. A logical analysis requires a consideration as to whether the district court appropriately denied the post-judgment request to intervene for purposes of pursing the appeal of the *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming.*

[¶ 11] Intervention, for purpose of appeal, is a legal possibility. Courts have recognized situations where nonparties have been permitted to intervene *solely* for purposes of pursuing an appeal. *See United Airlines, Inc. v. McDonald,* 432 U.S. 385, 395–96, 97 S.Ct. 2464, 2470–71, 53 L.Ed.2d 423 (1977); *NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973); *Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 574 (7th Cir.2009); *United States ex rel. McGough v. Covington Technologies Co.,* 967 F.2d 1391, 1394–95 (9th Cir.1992); *Yniguez v. Mofford,* 130 F.R.D. 410, 414 (D.Ariz.1990), *aff'd in part, rev'd in part,* 939 F.2d 727 (9th Cir.1991) (post-judgment intervention may be appropriate if the intervenors act promptly after entry of judgment). Recognizing that some courts have permitted post-judgment intervention for purposes of appeal, this Court must decide whether the district court erred in its denial of Dr. Menolascino and Mr. Hirshberg's request to intervene in this case, affording that court appropriate deference.

[¶ 12] Wyoming Rule of Civil Procedure 24(a) provides, in part:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

. . . .

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

W.R.C.P. 24(a)(2).

[¶ 13] Additionally, this Court has discussed intervention of right as follows:

Four conditions must be satisfied to permit intervention as of right under W.R.C.P. 24(a)(2). **First,** the applicant must claim an interest related to the property or transaction which is the subject of the action. **Second,** the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest. **Third,** there must be a showing that the applicant's interest will not be adequately represented by the existing parties. **Fourth,** the application for intervention must be timely. An applicant who fails to meet any one of these conditions is not permitted to intervene as of right under W.R.C.P. 24(a)(2). . . .

Questions of law and judicial discretion are presented by the denial of a motion to intervene. This court accords no deference to a district court's decisions on issues of law. Therefore, if the district court erroneously denied intervention as of

right under the first, second or third conditions of W.R.C.P. 24(a)(2), we will reverse. **However, the determination of the timeliness of an application to intervene is a matter within the discretion of the district court. The district court is permitted to weigh the timeliness of an application to intervene in light of the circumstances of the particular case, including whether the applicant may have sought intervention earlier. Therefore, to prevail on an appeal from a finding that an application to intervene is untimely, an abuse of discretion must be demonstrated.**

*Masinter v. Markstein,* 2002 WY 64, ¶ 7, 45 P.3d 237, 240–41 (Wyo.2002) (emphasis added). *See Concerned Citizens of Spring Creek Ranch,* ¶¶ 11–22, 185 P.3d at 38–41.

[¶ 14] Because the district court denied Dr. Menolascino and Mr. Hirshberg's request for intervention on the basis of lack of timeliness, this Court reviews the district court's *Order Denying Motion to Intervene by Dr. Mark Menolascino and William Hirshberg* for an abuse of discretion on those grounds. Generally speaking,

[a] motion for intervention, whether permissive or as of right, must be timely made. This requirement is intended to prevent a tardy intervenor from derailing the lawsuit that is near completion. The test is one of reasonableness—potential intervenors must be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly.

**Among the factors that courts normally consider in making this determination are the following: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after it knew or reasonably should have known of its interest in the case; and (5) the existence of unusual circumstances mitigating**

**against or in favor of intervention.** Timeliness, in short, requires consideration of all the relevant facts and circumstances involved in a given case, not just the mere passage of time.

Indeed, intervention has even been allowed after entry of judgment. **In these cases, however, the intervenor must establish a compelling basis to allow intervention at such a late stage in the proceedings and provide a strong justification for its failure to intervene earlier.** Intervention has also been allowed on appeal, even where the putative intervener did not seek to intervene in the district court. A party seeking intervention on appeal must satisfy the prerequisites of the Federal Rule of Civil Procedure governing intervention as a matter of right and the motion to intervene must generally be filed within the time period allowed for the parties to appeal.

The trial judge is entitled to a full range of reasonable discretion in determining whether the timeliness and other requirements for intervention have been met, and only an abuse of discretion will cause reversal. The court could reach a conclusion that a party's delay is simply a matter of its own negligence in acting diligently or that the party has been following a cause of action to see how well it is progressing and deciding when to step in. Even more important is whether the party's intervention will in any manner delay the progress of the case as contemplated by the court. If so, the party will probably not succeed. Therefore, it is important to make an analysis of all considerations as previously suggested the moment the party becomes aware of the suit in which the party is considering the possibility of intervention.

Samuel Adams, Michael S. Greco, and Ryan M. Tosi, 2 *Bus. & Com. Litig. Fed. Cts.* § 18:56 (3d ed.) (emphasis added).

▮ [¶ 15] This Court has recognized that "[an] application to intervene may be denied solely on the basis of timeliness," which requires a court to consider the "totality of the circumstances" in making a timeliness determination. *See Concerned Citizens of Spring Creek Ranch,* ¶ 15, 185 P.3d at 39.

There are four factors a court should consider in determining timeliness:

1) "the length of time the applicant for intervention knew or reasonably should have known of its interest in the case before the application for leave to intervene was filed";

2) "the extent of the prejudice that the existing parties to the litigation may suffer as a result of the applicant's failure to seek intervention as soon as the applicant actually knew or reasonably should have known of its interest in the case";

3) "the extent of the prejudice that the applicant for intervention may suffer if the application is denied"; and

4) "the existence of unusual circumstances militating either for or against a determination that the application is timely."

*State Farm Mut. Auto. Ins. Co. v. Colley,* 871 P.2d 191, 197 (Wyo.1994).

[¶ 16]   Here, the district court was presented with a request for intervention that occurred at the *end* of the judicial review process.   Considering all of the circumstances, the district court stated:

> having considered the law on timeliness and the factual circumstances including the timing of the motions having been filed after the final judgment was issued in this matter, that the movants were aware of the appeal prior to their purchase of their properties, any delay in failing to intervene earlier and the prejudice to the parties including the fact that the judgment provides for a remand to the County Commissioners, that said motions are untimely[.]

[¶ 17]   The district court appropriately based its holding on a consideration that the request to intervene occurred only *after* the final order had been entered and only *after* Dr. Menolascino and Mr. Hirshberg learned that the Commission was not intending to appeal the court's final order.   This decision occurred despite the fact that, at the time they purchased their property, in December 2008 and April 2009, respectively, both Dr. Menolascino and Mr. Hirshberg knew of the judicial review proceedings, which had been pending since October 2008.   The district

court did not enter its *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming* until February 25, 2011, some *two years* later, providing ample time for Dr. Menolascino and Mr. Hirshberg to become involved in the proceedings.   Further, the district court considered the prejudice to the parties, including the required remand to the Teton County Commissioners.

[¶ 18]   From a public policy perspective, concluding that the district court erred in denying a request for intervention under these circumstances would be akin to allowing a tardy intervenor to derail a lawsuit near its completion without any "compelling basis" to allow intervention at such a late stage in the proceedings and without a strong justification for the failure to intervene earlier.   Based on the totality of the circumstances, the district court did not err in denying the request to intervene; particularly given the discretion afforded that court in making this decision.   Its decision must be affirmed.

[¶ 19]   Having concluded that the district court did not abuse its discretion in denying Dr. Menolascino and Mr. Hirshberg's requests to intervene for purposes of appeal, this Court is left to consider whether nonparties are permitted to appeal the final order of a court.   After all, Dr. Menolascino and Mr. Hirshberg were never parties to the district court's judicial review of the Teton County Commission's decision.   That judicial review was resolved by the district court's February 25, 2011, *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming.*   Still, Dr. Menolascino and Mr. Hirshberg sought to appeal the court's order.

[¶ 20]   Simply put, pursuant to Wyoming Rule of Appellate Procedure 2.07, an appeal is limited to a "party." *Id.* The general rule is that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *S. Utah Wilderness Alliance v. Kempthorne,* 525 F.3d 966, 968 (10th Cir.2008) (internal quotation omitted).   Accordingly, Dr. Menolascino and Mr. Hirshberg have no "right," or ability, as nonparties, to appeal the final order from the

district court. Their direct appeals to this Court of the district court's *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming* must be dismissed.

## CONCLUSION

[¶ 21] After reviewing the record, this Court first concludes that the district court did not err in denying Dr. Menolascino and Mr. Hirshberg's request to intervene in the judicial review proceedings for the sole purpose of pursuing an appeal therefrom. The district court's *Order Denying Motion to Intervene by Dr. Mark Menolascino and William Hirshberg* in Appeal Nos. S–11–0115 and S–11–0116 is affirmed.

[¶ 22] Second, given their status as nonparties, Dr. Menolascino and Mr. Hirshberg have no ability to appeal the final order of the district court, and their direct appeals of the district court's *Order Reversing and Remanding Decision of the Board of County Commissioners of Teton County, Wyoming* in Appeal Nos. S–11–0113 and S–11–0114 must be dismissed for lack of standing. Having so concluded, this Court need not address the underlying substantive merits of those appeals.