# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 38

### APRIL TERM, A.D. 2013

### April 2, 2013

| | |
|---|---|
| VILLAGE ROAD COALITION, | |
| Appellant (Proposed Intervenor), | |
| v. | S-12-0096 |
| TETON COUNTY HOUSING AUTHORITY, | |
| Appellee (Defendant). | |
| DON GRONBERG, SUE GRONBERG, JIM FARMER, CHRISTY FOX, JENNY FOX, DENNIS CICHELLI, SUE CICHELLI, DEBORAH FOX, DON LANDIS, BEVERLY LANDIS, SCOTT AUSTIN, HOLLY AUSTIN, ROBIN MOYER, PETER MOYER, DOUG HANSON, ANNA MARIE HANSON, BARBARA SELLAS, DEBORAH D. WARD, PAUL PERRY, PAM ROMSA, LOU BREITENBACH, KEN JERN and SHERRIE JERN, | S-12-0104 |
| Appellants (Plaintiffs), | |
| v. | |
| TETON COUNTY HOUSING AUTHORITY, | |
| Appellee (Defendant). | |

*Appeals from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant in Case No. S-12-0096:*
Phelps H. Swift, Jr. of Wilson, Wyoming.

*Representing Appellants in Case No. S-12-0104:*
Peter F. Moyer of Jackson, Wyoming.

*Representing Appellee in Case Nos. S-12-0096 and S-12-0104:*
Kim D. Cannon and Tenille L. Castle of Davis & Cannon, LLP, Sheridan, Wyoming. Argument by Mr. Cannon.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT, Justice.**

[¶1]    This opinion represents the consolidation of two related appeals.  The plaintiffs in the underlying dispute appeal the district court's decision to grant Teton County Housing Authority's (TCHA) motion to dismiss for lack of standing.   Separately, Village Road Coalition (VRC) appeals the district court's decision to deny VRC's motion to intervene in the underlying dispute for failure to file its motion in a timely fashion.  We affirm both decisions of the district court.

## ISSUES

[¶2]    1.  Did the district court abuse its discretion by denying VRC's motion to intervene?

2.  Was the district court's decision to grant TCHA's motion to dismiss in accordance with the law?

## FACTS

[¶3]    The Board of Commissioners of Teton County, Wyoming, created TCHA in response to a shortage of safe and affordable housing accommodations in the vicinity.  In 2006, the voters of Teton County approved a TCHA sponsored ballot initiative, enabling a specific purpose excise tax (SPET) to raise $5,000,000 for TCHA's Affordable Housing Program.  The tax revenue was to be used for the acquisition, planning, improvement and financing of property for affordable housing.  In 2007, TCHA contracted to purchase a five-acre property on Cheney Lane in Teton Village from Erving and Caryl Mantey for $2,100,000.   To facilitate that purchase, TCHA borrowed $2,000,000, which has since been repaid.

[¶4]    On June 21, 2007, the plaintiffs, self-described "Wyoming taxpayers" and "landowners and/or residents of the Cheney Lane neighborhood," initiated a declaratory judgment action against TCHA.  In an amended complaint, the plaintiffs alleged violation of Wyoming public meeting "sunshine" laws, invalid approval by the Board of County Commissioners, violation of SPET limitations, breach of investment duties, violation of Wyoming constitutional public funding limitations, violation of Wyoming statutory limits on public financing, and violation of Wyoming constitutional limits on public subsidies for private individuals.  In response, TCHA moved to dismiss some of those claims and for summary judgment on the remaining claims.  The district court's decision to grant those motions was appealed to this Court, which, in *Gronberg v. Teton County Housing Authority*, 2011 WY 13, ¶ 56, 247 P.3d 35, 47 (Wyo. 2011), we affirmed in part, reversed in part, and remanded.

1

[¶5]    Upon remand, plaintiffs amended their declaratory judgment action complaint, alleging violation of SPET limitations, breach of investment duties, and violation of Wyoming statutory limits on public financing.  In response, TCHA filed a motion to dismiss, arguing that the district court lacked subject matter jurisdiction because plaintiffs failed to present a justiciable controversy and did not have standing to maintain the action.  The hearing on the motion to dismiss took place on January 5, 2012.

[¶6]    VRC incorporated January 19, 2012, two weeks after the district court heard arguments on the motion to dismiss.  VRC is a nonprofit corporation comprised of residents and property owners in the Village Road neighborhood of Teton Park, near the Cheney Lane property.  VRC filed its Motion to Intervene on January 26, 2012.  VRC claimed that, in its acquisition of the Cheney Lane property, TCHA "violated its authority under the SPET ballot, breached its fiduciary and investment duties, and otherwise violated Wyoming law."  The district court denied that motion, determining that VRC had not timely filed its motion to intervene and the basis upon which VRC sought intervention was a theoretical issue that may properly be addressed through other remedies prior to judicial intervention.  The plaintiffs, on behalf of VRC, requested the district court to reconsider that decision.

[¶7]    Following the request for reconsideration, the district court attempted to certify a number of questions to this Court regarding whether it was appropriate for the district court to consider standing on remand when the issue was not raised in the initial proceedings, if standing properly was before the district court, whether the plaintiffs in fact have standing, and if plaintiffs lack standing, whether there exists a "matter of great public importance" sufficient to relax the justiciable controversy requirement.  This Court declined that request and the district court denied the request for reconsideration and entered its order granting TCHA's motion to dismiss on March 29, 2012.  The plaintiffs and VRC now appeal those decisions.

**DISCUSSION**

***Did the district court abuse its discretion by
denying VRC's motion to intervene?***

[¶8]    VRC sought to intervene as of right under W.R.C.P. 24(a).  To be allowed to participate, VRC must meet four requirements:

> First, the applicant must claim an interest related to the property or transaction which is the subject of the action.  Second, the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest.  Third, there must be a showing that the applicant's interest will not be adequately

2

represented by the existing parties. Fourth, the application for intervention must be timely.

*Hirshberg v. Coon*, 2012 WY 5, ¶ 13, 268 P.3d 258, 262 (Wyo. 2012) (quoting *Masinter v. Markstein*, 2002 WY 64, ¶ 7, 45 P.3d 237, 240-41 (Wyo. 2002)). The district court denied VRC's motion to intervene after determining that the application was not timely. Unlike the first three requirements, the issue of timeliness is not a question of law and is a "'matter within the discretion of the district court.'" *Hirshberg*, 2012 WY 5, ¶ 9, 268 P.3d at 260 (quoting *Masinter,* 2002 WY 64, ¶ 7, 45 P.3d at 242).

> The district court is permitted to weigh the timeliness of an application to intervene in light of the circumstances of the particular case, including whether the applicant may have sought intervention earlier. Therefore, to prevail on an appeal from a finding that an application to intervene is untimely, an abuse of discretion must be demonstrated.

*Hirshberg*, 2012 WY 5, ¶ 9, 268 P.3d at 260 (quoting *Masinter,* 2002 WY 64, ¶ 7, 45 P.3d at 241).

[¶9] Denial of a motion to intervene may be based solely on a lack of timeliness. *Hirshberg*, 2012 WY 5, ¶ 15, 268 P.3d at 262. The following four factors should be considered when determining timeliness:

> 1) "the length of time the applicant for intervention knew or reasonably should have known of its interest in the case before the application for leave to intervene was filed";
>
> 2) "the extent of the prejudice that the existing parties to the litigation may suffer as a result of the applicant's failure to seek intervention as soon as the applicant actually knew or reasonably should have known of its interest in the case";
>
> 3) "the extent of the prejudice that the applicant for intervention may suffer if the application is denied"; and
>
> 4) "the existence of unusual circumstances militating either for or against a determination that the application is timely."

*Id.* at ¶ 15, at 263; *State Farm Mut. Auto. Ins. Co. v. Colley*, 871 P.2d 191, 197 (Wyo. 1994).

3

[¶10]  The underlying dispute originated with the plaintiffs' first complaint filed in 2007. Since that time, there have been numerous motions and orders, a prior appeal to this Court, and this Court's determination that some issues brought on appeal ought to be remanded to the district court for further proceedings.  At that time, the plaintiffs amended their complaint and TCHA sought to have those revised causes of action dismissed.  VRC sought to intervene three weeks after the hearing on that motion had been held.  Throughout the preceding five years, VRC was necessarily aware of these proceedings as the sole incorporator and agent of VRC, Peter Moyer, is not only a plaintiff in the underlying dispute, but also the attorney for the plaintiffs.  Granting VRC's motion to intervene would delay the proceedings and force the parties to incur additional costs as they would need to resubmit their briefs and, perhaps, undergo an additional hearing on the pending motion to dismiss.  Additionally, VRC seeks to intervene based on claims that TCHA breached its authority under the SPET initiative, breached its fiduciary and investment duties, and "otherwise violated Wyoming law" and requests that the district court order the sale of the property purchased by TCHA.  Those claims and the relief sought are duplicative of those presented by the plaintiffs in the underlying action; a denial of the motion to intervene will result in no prejudice to VRC. Finally, VRC has presented no mitigating circumstances that would offset the tardiness of the motion.

[¶11]  The district court did not abuse its discretion in determining that VRC's motion to intervene was untimely and, therefore, denying said motion.

### Was the district court's decision to grant TCHA's motion to dismiss in accordance with the law?

[¶12]  Following remand from this Court, TCHA filed its motion to dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction.  TCHA argued that the plaintiffs lacked standing and that the plaintiffs' claim did not present a justiciable controversy.  The district court granted TCHA's motion for lack of standing.  "The existence of subject matter jurisdiction is a question of law that we review *de novo.*" *Excel Constr. Inc. v. Town of Lovell*, 2011 WY 166, ¶ 12, 268 P.3d 238, 241 (Wyo. 2011) (quoting *Madsen v. Bd. of Trustees of Mem'l Hosp. of Sweetwater Cnty.*, 2011 WY 36, ¶ 9, 248 P.3d 1151, 1153 (Wyo. 2011)).  Issues regarding the presence of subject matter jurisdiction may be raised at any time. *N. Laramie Range Found. v. Converse Cnty. Bd. of Cnty. Comm'rs*, 2012 WY 158, ¶ 22, 290 P.3d 1063, 1073 (Wyo. 2012).  "Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction." *Terex Corp. v. Hough*, 2002 WY 112, ¶ 5, 50 P.3d 317, 320 (Wyo. 2002) (quoting *Boyd v. Nation,* 909 P.2d 323, 325 (Wyo. 1996), *overruled in part on other grounds by Brown v. City of Casper*, 2011 WY 35, ¶ 44, 248 P.3d 1136, 1147 (Wyo. 2011)).  In the following review of the motion to dismiss, this Court will "focus on the allegations contained in the

complaint and liberally construe them in the light most favorable to the plaintiff." *Cox v. City of Cheyenne*, 2003 WY 146, ¶ 7, 79 P.3d 500, 504-05 (Wyo. 2003).

[¶13]  In their amended complaint, the plaintiffs bring a declaratory judgment action against TCHA alleging that TCHA violated Wyoming law in its purchase of properties with SPET revenue.  TCHA asserts that the plaintiffs lack standing for failure to present a justiciable controversy.  To establish the presence of a justiciable controversy under the Declaratory Judgment Act, the following elements must exist:

> 1.   The parties have existing and genuine, as distinguished from theoretical, rights or interests.
>
> 2.   The controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion.
>
> 3.   It must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities to be of such great and overriding public moment as to constitute the legal equivalent of all of them.
>
> 4.   The proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues.

*Maxfield v. State*, 2013 WY 14, ¶ 14, 294 P.3d 895, 899 (Wyo. 2013); *Brimmer v. Thomson*, 521 P.2d 574, 578 (Wyo. 1974).   These requirements can, however, be "relaxed in cases involving matters of great public interest or importance." *Maxfield*, 2013 WY 14, ¶ 20, 294 P.3d at 900.

[¶14]  The district court concluded that the plaintiffs failed to meet the first two elements of the *Brimmer* test.  Those elements establish standing and require the plaintiffs to allege that "they have a tangible interest which has been harmed and that a judicial decision in their favor will effectively remedy the harm."  *William F. West Ranch, LLC v. Tyrell*, 2009 WY 62, ¶ 22, 206 P.3d 722, 730 (Wyo. 2009).  In *West*, the plaintiffs brought a declaratory judgment action, claiming that the State was not regulating the production of water associated with coal bed methane extraction in compliance with Wyoming's constitution or statutes, resulting in damage to their property.  *Id*. at ¶ 6, at 725.  This

5

Court determined that the plaintiffs in that case had in fact sufficiently alleged that they had an interest which had been harmed. Specifically, the plaintiffs alleged the following:

> 8. Plaintiff [West] . . . owns and operates West Ranch. For over fifty years Bill and Marge West have produced crops and raised cattle on the 13,000 acre property. The normal irrigation of the Wests' ranch is prevented by the saline and sodic CBM water that has mixed with the water supply from Spotted Horse Creek. Flooding from CBM water has also killed vegetation and damaged the soil of the ranch's valuable bottom lands. CBM water stored in reservoirs has flooded bottom lands on the ranch and otherwise leaked out, damaging the soil and killing vegetation.
>
> 9. Plaintiffs [Turner] own the Turner Ranch on Bates Creek in the Cheyenne River Drainage. The three permitted wells they use for domestic and stock watering purposes are either dried up or threaten to dry up as a result of CBM ground water pumping in the area.

*Id*. at ¶ 25, at 731. This Court determined that it was sufficient that the plaintiffs in *West* alleged that they owned land that was harmed by the coal bed methane extraction process.[1]

[¶15] The plaintiffs contend that their situation is analogous to that presented in *Merbanco*. In that case, this Court determined that parents of schoolchildren had standing when they brought a declaratory judgment action when the State exchanged land earmarked for public education purposes for land of equal value, rather than sold the land at public auction. *Dir. of Office of State Lands & Invs. v. Merbanco, Inc.*, 2003 WY 73, ¶ 2, 70 P.3d 241, 244 (Wyo. 2003). Because parents have an interest in their children receiving a proper education, and the failure to auction the land would directly affect the revenue available to enable the children's education, we agreed with the parents that they had a tangible interest which had been harmed. *Id*. at ¶¶ 15-18, at 248.

[¶16] Focusing on the allegations contained in the complaint, we cannot find that the plaintiffs' situation is similar to that faced by the parents in *Merbanco* or the landowners in *West*. The plaintiffs do not allege any tangible interest that has been harmed other than

---

[1] It should be noted that, while the facts in *West* established the first element of the *Brimmer* test--that the plaintiffs owned property affected by coal bed methane water--giving them a tangible interest, the facts did not satisfy the second element of the *Brimmer* test in that the plaintiffs did not show that the relief sought would remedy the situation. *Id*. at ¶ 26, at 731-32.

6

that they are Wyoming taxpayers who own property in the same neighborhood as that acquired by TCHA.[2]  It is not sufficient that the complaint indicates that TCHA may have violated Wyoming statutory or regulatory requirements.  There is no connection between the claimed violations and any interest held by the plaintiffs.  Because the plaintiffs failed to meet the first *Brimmer* requirement, they necessarily failed to meet the second requirement as well.  The first two elements of the *Brimmer* test are inextricably linked: if a plaintiff fails to allege that an interest has been harmed, a judicial decision cannot remedy a nonexistent harm.  By failing to meet the first two *Brimmer* requirements, the plaintiffs have failed to establish that they have standing to bring the action.  The district court properly granted TCHA's motion to dismiss.

## CONCLUSION

[¶17]  The plaintiffs and TCHA have been involved in a protracted dispute centered on TCHA's purchase of residential property in the neighborhood where the plaintiffs reside.  VRC sought to intervene in the underlying dispute, but was not timely in filing its motion to intervene.  Because VRC's interests and relief sought are duplicative of those presented by the plaintiffs, we affirm the district court's decision denying the motion to intervene.  The district court granted TCHA's motion to dismiss TCHA's declaratory judgment action for lack of standing.  The plaintiffs failed to allege a tangible interest that had been harmed by the acquisition of the property, so we will affirm.

---

[2] *Kroenlein v. Eddington,* 2001 WY 115, ¶ 19, 35 P.3d 1207, 1214 (Wyo. 2001); *Powers v. City of Cheyenne, 435 P.2d 448, 452 (Wyo. 1967); Quackenbush v. City of Cheyenne*, 52 Wyo. 146, 70 P.2d 577, 579 (Wyo. 1937); 74 Am. Jur. 2d, *Taxpayers' Actions* § 59, at 241 (2012) ("[A] taxpayer is not entitled to maintain a proceeding for a declaratory judgment in the absence of any showing that the statute, ordinance, or act being questioned will increase the taxpayer's burden as a taxpayer.").