An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION FOR ADOPTION OF A MINOR CHILD.

No. 61937

DOLORES W.,
Appellant,
vs.
PATRICK S.M.; AND TATIANA M.H.M.,
Respondents.

FILED

JUN 14 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a post-adoption-decree order denying appellant's motion to intervene and for NRCP 60(b) relief. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

When our preliminary review of the NRAP 3(g) documents revealed a potential jurisdictional defect, we directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, because she was denied leave to intervene below, it appeared that appellant was not an aggrieved party with standing to appeal. *See* NRAP 3A(a); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994) (recognizing that persons who do not intervene below are not parties entitled to appeal); *Aetna Life & Cas. v. Rowan*, 107 Nev. 362, 363, 812 P.2d 350, 350-51 (1991) (same); *see also Estate of LoMastro v. Am. Family Ins.*, 124 Nev. 1060, 1068 n.16, 195 P.3d 339, 345 n.16 (2008) (noting that an order denying a motion to intervene is not appealable).

In a timely response to our show cause order, appellant concedes that, in Nevada, persons denied leave to intervene currently are not considered parties entitled to appeal under NRAP 3A(a). She argues,

13-17581

however, that we should adopt the approach of federal and other state courts and permit appeals from proposed interveners in order to challenge the order denying intervention, citing, for example, *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 127 n.40 (D.C. Cir. 1972), *Thrasher v. Bartlett*, 424 So. 2d 605, 607-608 (Ala. 1982); *Feigin v. Alexa Group, Ltd.*, 19 P.3d 23, 26 (Colo. 2001); *In re Jeffrey M.*, 37 A.3d 156, 158 (Conn. App. Ct. 2012); *Utah Down Syndrome Found., Inc. v. Utah Down Syndrome Ass'n*, 293 P.3d 241 (Utah 2012), and *Hirshberg v. Coon*, 268 P.3d 258, 260 (Wyo. 2012). Respondents have filed a proper person response, in which they urge this court not to overrule our prior precedent.

Having considered the parties' responses, we decline appellant's invitation to deem a proposed intervener a "party" under NRAP 3A(a) for purposes of appeal, as doing so would disturb well-settled Nevada precedent clearly defining who is entitled to appeal. *Secretary of State v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) ("[U]nder the doctrine of stare decisis, [this court] will not overturn [precedent] absent compelling reasons for so doing. Mere disagreement does not suffice." (Internal citations omitted)). Instead, we have explained that a petition for a writ of mandamus is an appropriate means of seeking this court's review of an order denying intervention. *Am. Home Assurance Co. v. Eighth Judicial Dist. Court*, 122 Nev. 1229, 1234, 147 P.3d 1120, 1124 (2006). Moreover, even if appellant were granted party status to appeal here, the order she is attempting to challenge—a post-decree order denying leave to intervene—is not substantively appealable under NRAP 3A(b)(8) as a special order after final judgment, as it did not affect any rights growing out of the judgment. *Gumm v. Mainor*, 118 Nev. 912, 918,

59 P.3d 1220, 1225 (2002). Accordingly, we lack jurisdiction to consider this appeal, and we therefore

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. William B. Gonzalez, District Judge, Family Court Division
Sterling Law, LLC
Patrick M.
Tatiana M. H.M.
Eighth District Court Clerk